SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Cesar A. Lipa (A-31-12) (071011)**

**Argued February 3, 2014 -- Decided September 25, 2014**

**RODRÍGUEZ, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court considers the application of the standards set forth in State v. Slater, 198 N.J. 145 (2009) and Rule 3:21-1, in the context of defendant's pre-sentence motion to withdraw his plea of guilty to first-degree aggravated sexual assault.

Defendant, Cesar A. Lipa, pleaded guilty to first-degree aggravated sexual assault, based on allegations that he committed sexual acts against M.G. on three occasions when she was between the ages of thirteen and sixteen. The State agreed to dismiss related charges and to recommend defendant be sentenced as if convicted of a second-degree crime. During the plea colloquy on January 9, 2009, defendant gave answers to counsel's leading questions that established all of the elements of the offense to which he intended to plead guilty.

On October 27, 2009, after retaining new counsel, and before his sentencing hearing, defendant moved to withdraw his guilty plea and to compel production of certain agency records (DYFS). Defendant certified that "[m]y prior attorney failed to obtain the necessary documentations to support my innocence." In particular, defendant claimed that he told his first counsel "that alleged victim M.G. had on at least two other occasions made false allegations of sexual assault which were investigated by DYFS." According to the certification, "DYFS found that the allegations of both matters were without merit." The judge reviewed the DYFS records, noted that they provided "no basis of a false allegation," and denied defendant's request to compel production.

The judge then reviewed defendant's certification in support of his motion to withdraw the guilty plea. Defendant certified that he was "innocent of the[] charges," that "[t]he allegations by M.G. are false," and that he "did not sexually assault her at any time." He certified that at the time of his plea, his attorney told him that he "had no other option than to take the plea offer since [he] did not have a chance of winning at [t]rial." Defendant further claimed to have been recovering from knee surgery at the time of the second incident making him physically unable to commit the alleged act – namely, climbing through a window into M.G.'s second-floor bedroom while intoxicated. Defendant introduced a photograph depicting the condition of his leg at that time and photographs showing the exterior of M.G.'s home.

After reviewing the test established in Slater, 198 N.J. at 158-59, the court denied defendant's motion to withdraw his guilty plea. The judge found that defendant had not properly asserted a claim of innocence because his claim merely made a "bald assertion" without factual support, and that the facts he relied on were not unknown to him at the time of the plea. The judge concluded that defendant was adequately and correctly informed of the consequences of his plea, and his expectations under the plea were met. The court proceeded to sentence defendant to an eight-year term, subject to a period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed and the Appellate Division affirmed the denial of his motion to withdraw his guilty plea. The panel concluded that the judge's decision was well within his discretion in light of the insubstantial facts asserted by defendant in support of the motion. The Court granted defendant's petition for certification. State v. Lipa, 213 N.J. 396 (2013).

**HELD:** In the face of a general denial and specific, potentially plausible facts negating guilt, defendant's argument that the trial court misapplied the standard for deciding a pre-sentence motion to withdraw a guilty plea has merit. Balancing the evidence and arguments in this case against all of the Slater factors, defendant is entitled to withdraw his guilty plea in the interest of justice.

1. Before a court can accept a defendant's guilty plea, it first must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly. R. 3:9-2. Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court. State v. Simon, 161 N.J. 416, 444 (1999). A trial judge's finding that a plea was voluntarily and knowingly entered is entitled to appellate deference so long as that determination is supported by sufficient credible evidence in the record. State v. McCoy, 222 N.J. Super. 626, 629 (App. Div. 1988), aff'd, 116 N.J. 293 (1989). "[T]he trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Simon, 161 N.J. at 444. (pp. 9-10)

2. Rule 3:21-1, which governs the withdrawal of guilty pleas, provides that "[a] motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." Rule 3:21-1 explicitly provides that the post-sentencing standard for withdrawal of a guilty plea is manifest injustice. Before sentencing, the standard is "the interests of justice." R. 3:9-3(e). (pp. 10-11)

3. In Slater, the Court outlined a framework to assess a claim to withdraw a guilty plea, and directed trial courts to consider the following factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 150. Here, defendant certified that he is innocent, claiming that he was physically unable to commit the alleged assault because he had surgery on one of his knees around the alleged date of the incident and would have been further hampered if he had been intoxicated as M.G. described. Defendant categorically denied guilt and submitted photographs to support his contentions. He also certified that a DYFS investigation found that M.G.'s previous accusations of sexual assault against defendant and a family friend lacked merit. (pp. 11-12)

4. The Court considers defendant's claim in light of the Slater factors. With respect to the first factor, a colorable claim of innocence, defendant must make a showing beyond a mere assertion of innocence. He must point to specific, credible facts that support his claim. Under the "colorable claim of innocence" standard, the evidence presented in support of the claim of innocence must be specific and raise a legitimate dispute for the jury, but need not clearly exonerate the defendant. Here, although the admissibility and veracity of defendant's evidence has not been tested, defendant has provided more than "a bald assertion" of innocence. The specific facts that defendant asserted could provide a plausible basis to impeach M.G.'s testimony and cause a reasonable jury to find reasonable doubt as to defendant's guilt. Thus, defendant satisfies Slater's first requirement. With regard to the second Slater factor, defendant has presented sufficient reasons to support his request for withdrawal. Defendant asserts that he is innocent and explains that his counsel induced him to plead guilty, despite his innocence. As support for this claim, defendant offers some evidence that contradicts the State's charges. The third factor, the presence of a plea agreement, weighs against defendant, but, given that the "vast majority of criminal cases are resolved through plea bargains[,]" this factor is not given the greatest weight. Although the trial judge did not reach the question of prejudice to the State, nothing in particular in the record demonstrates that the State would be prejudiced by defendant's plea withdrawal in this case. Balancing the evidence and arguments in this case against all of the Slater factors, defendant has met his burden and is entitled to withdraw his guilty plea in the interest of justice. (pp. 12-16)

5. In light of its holding, the Court does not reach the merits of defendant's contention that the judge failed to adequately inform him of the deportation consequences of his guilty plea. The Court also does not address defendant's alternative argument that his sentence must be reduced because the judge failed to find and apply existing mitigating factors. (pp. 2, 16)

The judgment of the Appellate Division is **REVERSED,** the judgment of conviction is **VACATED**, the charges dismissed pursuant to the plea agreement are **REINSTATED**, and the matter is **REMANDED** to the trial court for proceedings consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion.**

2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

CESAR A. LIPA,

    Defendant-Appellant.


        Argued February 3, 2014 – Decided September 25, 2014

        On certification to the Superior Court, Appellate Division.

        Daniel V. Gautieri, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

        Carol M. Henderson, Assistant Attorney General, argued the cause for respondent (John J. Hoffman, Acting Attorney General of New Jersey, attorney).

    JUDGE RODRÍGUEZ (temporarily assigned) delivered the opinion of the Court.

    Defendant asks this Court to reverse the Appellate Division's affirmance of the denial of his motion to withdraw his guilty plea to first-degree aggravated sexual assault. Defendant argues that the Law Division judge misapplied the standard for deciding a motion to withdraw a guilty plea prior to sentencing, as set forth in State v. Slater, 198 N.J. 145

1

(2009), and Rule 3:21-1. In the face of a general denial and specific, potentially plausible facts negating guilt, we find merit in this argument and reverse the judgment of the Appellate Division. Given this holding, we do not reach the merits of defendant's second contention: that the judge failed to adequately inform him of the deportation consequences of his guilty plea. We also do not address defendant's alternative argument that his sentence must be reduced because the judge failed to find and apply existing mitigating factors.

I.

A.

Pursuant to an agreement with the State, defendant Cesar A. Lipa, a Peruvian citizen, pleaded guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2). The charge was based on allegations that he committed sexual acts on three occasions against M.G., who was between the ages of thirteen and sixteen at the time.

The record reveals that on February 5, 2008, then sixteen-year-old M.G. informed her teacher that defendant sexually assaulted her on three occasions between January 1, 2005, and August 1, 2007. In a subsequent interview with the Division of Youth and Family Services (DYFS),[1] M.G. stated that the first

---

[1] This agency has been renamed the Division of Child Protection and Permanency. L. 2012, c. 16, eff. June 29, 2012.

incident occurred in 2005, when she was thirteen years old. According to M.G., defendant, who was inebriated at the time, entered her bedroom and forcibly penetrated her vagina with his fingers, fleeing after she screamed.

The second incident allegedly occurred in the summer of 2005, when defendant climbed into her second-floor bedroom through a window and penetrated her vaginally with his fingers and penis. According to M.G., she told defendant to stop, but he did not cease until she kneed him in the groin. During this assault, M.G. reported that defendant also touched her breasts and kissed her on the lips. Once again, she said that defendant was drunk.

The third assault allegedly took place in July 2007, when M.G. was sixteen years old. She stated that defendant, while drunk, entered her bedroom and penetrated her vaginally with his fingers.

Defendant was arrested and later indicted. Pursuant to a plea agreement, defendant pleaded guilty to count one, first-degree aggravated sexual assault "on diverse dates." The State agreed to dismiss related charges and to recommend defendant be sentenced as if convicted of a second-degree crime.

During the plea colloquy on January 9, 2009, defendant gave answers to leading questions by his counsel. The questions established all of the elements of the offense to which he

intended to plead guilty. The judge then asked another leading question: "And the only reason why you give up all those rights [waived as a result of the guilty plea] is because you're in fact guilty. Is that true?" Defendant answered, "yes," and the judge accepted defendant's plea.

On October 27, 2009, after retaining new counsel, and before his sentencing hearing, defendant moved to withdraw his guilty plea.[2] Defendant also moved to compel production of certain DYFS records. Defendant certified that "[m]y prior attorney failed to obtain the necessary documentations to support my innocence." In particular, defendant claimed that he told his first counsel "that alleged victim M.G. had on at least two other occasions made false allegations of sexual assault which were investigated by DYFS." One incident allegedly involved defendant; another allegation involved a friend of M.G.'s father. According to the certification, "DYFS found that the allegations of both matters were without merit."

The judge first reviewed the DYFS records and noted that they provided "no basis of a false allegation." The judge therefore denied defendant's request to compel production as irrelevant.

---

[2] The record does not reveal the reason for the substantial interval between the entry of the plea and the hearing on the motion.

4

The judge then reviewed defendant's certification in support of his motion to withdraw the guilty plea. With respect to the allegations against him, defendant certified as follows:

> The alleged victim states that on three separate occasions I sexually assaulted her. She is not telling the truth and I am innocent of these charges. The allegations by M.G. are false and I did not sexually assault her at any time.

Defendant certified that "[a]t the time of my plea, my prior attorney told me that I had no other option than to take the plea offer since I did not have a chance of winning at [t]rial." Defendant claimed to have been recovering from knee surgery at the time of the second incident, thus making him physically unable to commit the alleged act. In support of that claim, defendant introduced a photograph depicting the condition of his leg at that time. He also presented ten photographs depicting the exterior of the building where M.G. lived. He argued that the photographs illustrated that it was "almost impossible" to climb out of the bathroom window and into M.G.'s bedroom window, particularly if he was intoxicated at the time.

The judge denied defendant's motion to withdraw the guilty plea after reviewing the test set by this Court in Slater, supra, 198 N.J. at 158-59. The judge found that defendant had not properly asserted a claim of innocence because defendant's claim merely made a "bald assertion" without factual support,

5

and that the facts he relied on were not unknown to him at the time of the guilty plea.

The judge concluded that defendant was adequately and correctly informed of the consequences of his guilty plea, and his expectations under the plea were met. Moreover, the judge noted that defendants bear a heavier burden to withdraw guilty pleas entered as part of a plea agreement.

Thereafter, the judge proceeded to sentencing. The judge found that two of the aggravating factors enumerated in N.J.S.A. 2C:44-1a applied: "(3) the risk that the defendant will commit another offense"; and "(9) the need for deterring the defendant and others from violating the law." The judge found no applicable mitigating factors and imposed an eight-year term, subject to a period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

B.

Defendant appealed. The Appellate Division affirmed the judge's denial of the motion to withdraw the guilty plea. The Appellate Division concluded that the judge's decision was well within his discretion in light of the insubstantial facts asserted by defendant in support of the motion. The panel pointed out that the DYFS records sought by defendant pertained to allegations of events in 2002, which had no bearing on whether the acts in 2005 and 2007 had been committed. In

6

addition, the panel observed that defendant's claim that he could not have committed the second assault due to his knee injury does not "preclude the likelihood that defendant was able to engage in the conduct he admitted to at the plea hearing."

Defendant sought certification. We granted the petition. State v. Lipa, 213 N.J. 396 (2013).

II.

Defendant argues that the trial court misapplied the holding in Slater in denying his motion to withdraw his guilty plea. Defendant asserts that he not only provided possible motivations to explain M.G.'s fraudulent claims, but he also provided photographic evidence of the back of the house and the condition of his knee at the time of the alleged assault, which contradict M.G.'s allegation. Thus, defendant contends that he advanced more than a "bald assertion" of innocence. He therefore argues that sufficient evidence existed to satisfy the first Slater factor.

As to the second Slater factor, defendant relies on his innocence claims and the ineffectiveness of his counsel to justify his reasons for withdrawal. He claims that counsel induced him to plead guilty.

Defendant also claims that the existence of a plea agreement in the present case is immaterial under the third Slater factor because such agreements are common in the criminal

7

context. Regarding the fourth Slater factor, defendant contends that he moved to withdraw his guilty plea prior to sentencing, when a more liberal standard of review applies, and the State offered no evidence showing that prejudice would result from permitting his plea to be withdrawn. Defendant argues that he has met the burden for three of the four factors in the Slater balancing test, and thus should succeed on his motion.

The State submits that defendant bears the burden of showing that withdrawal of his plea is in the interest of justice -- an evaluation that is ultimately within the discretion of the court. The State argues defendant entered his guilty plea knowingly and voluntarily and in accordance with Rule 3:9-2. With regard to defendant's claim that the judge did not inform him of the possibility of deportation, the State highlights the trial judge's statement during the colloquy and plea agreement that defendant signed and initialed, acknowledging his awareness of the deportation consequences.

Moreover, the State argues that the Slater factors weigh heavily against defendant. When assessing claims of innocence under the first Slater factor, defendant must offer more than "bald assertions" of innocence. Here, defendant offers evidence contending it would have been "almost impossible" for him to enter M.G.'s window after his knee surgery. According to the State, however, defendant fails to offer any evidence supporting

8

his innocence for the first and third assaults.  Further, the State notes that the evidence presented was known to defendant at the time of the plea and was reviewed with counsel prior to his plea.

The State argues that the remaining Slater factors similarly weigh against defendant.  The State maintains that the second factor, fair and just reasons for withdrawal, does not warrant withdrawal of defendant's guilty plea because the record provides no indication defendant was misled or unaware of the deportation consequences at the time his plea was entered.  Further, the State asserts that defendant did not explain why the "knee surgery" defense was not raised earlier.  In addition, because defendant's plea resulted from prosecutorial negotiations, the State argues that defendant faces a heavier burden under factor three.  Finally, the State contends that permitting defendant to withdraw his plea would result in significant prejudice to the State, particularly given the sensitive nature of child-sexual-assault cases for all parties involved.

### III.

Before a court can accept a defendant's guilty plea, it first must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly.  R. 3:9-2; see

9

also State v. Crawley, 149 N.J. 310, 318 (1997). In short, a trial court must not accept a guilty plea unless it is satisfied that the defendant is in fact guilty. The judicial system cannot countenance the miscarriage of justice that enures when a defendant pleads guilty to an offense but defendant is not guilty and is doing so out of fear, intimidation, or to gain some other objective.

Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court. State v. Simon, 161 N.J. 416, 444 (1999). A trial judge's finding that a plea was voluntarily and knowingly entered is entitled to appellate deference so long as that determination is supported by sufficient credible evidence in the record. State v. McCoy, 222 N.J. Super. 626, 629 (App. Div. 1988), aff'd, 116 N.J. 293 (1989). "Thus, the trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Simon, supra, 161 N.J. at 444.

Rule 3:21-1 governs the withdrawal of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1. The rule explicitly provides that the post-sentencing

10

standard for withdrawal of a guilty plea is manifest injustice. Ibid.; see also State v. Johnson, 182 N.J. 232, 237 (2004). Before sentencing, the standard for plea withdrawal is "the interests of justice." R. 3:9-3(e); State v. Howard, 110 N.J. 113, 123-24 (1988).

This Court outlined a framework to assess claims to withdraw a plea in Slater, supra, 198 N.J. at 150:

> [I]n evaluating motions to withdraw a guilty plea, trial courts should consider the following factors: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.

In Slater, the defendant consented to a search of a motel room. Police officers saw what appeared to be a small bag of marijuana in a dresser drawer that was open about six inches. Ibid. After frisking and handcuffing Slater, the officers opened the drawer and, in addition to the marijuana, found approximately fifteen grams of crack cocaine. Ibid. The defendant entered a guilty plea to second-degree possession of a controlled dangerous substance with the intent to distribute but subsequently moved to withdraw the plea before sentencing. Id. at 152. To support the motion, the defendant "claim[ed] that he was just visiting the motel room where the cocaine was found,

11

that the room was registered to another person, and that he had no knowledge or control of the drugs." Id. at 162. The motion was denied. Id. at 153.

The Appellate Division affirmed. Ibid. This Court reversed the judgment of the Appellate Division and concluded that the defendant "presented specific, potentially plausible facts, and not simply a bald assertion." Id. at 163.

IV.

Here, defendant has presented a certification asserting that he is innocent because he was physically unable to climb into the victim's bedroom window in order to commit an assault due to the fact that he had surgery on one of his knees around the alleged date of the incident. According to M.G., defendant was inebriated at the time. His condition thus would have further hampered his ability to commit the assault in the manner M.G. described. In support of this argument, defendant categorically denied guilt and submitted photographs of his knee after the surgery and the exterior of the building in question. He also certified that a DYFS investigation found that M.G.'s previous accusations of sexual assault against defendant and a family friend lacked merit.

We consider defendant's claim in light of the Slater factors. With respect to the first factor, a colorable claim of innocence, defendant must make a showing beyond a mere assertion

12

of innocence. Slater, supra, 198 N.J. at 158-59. He must point to specific, credible facts that support his claim. Id. at 159. The motion judge, however, need not be convinced that the proofs a defendant puts forward to support his claim of innocence create a "winning argument." State v. Munroe, 210 N.J. 429, 442 (2012). This is "because, in the end, legitimate factual disputes must be resolved by the jury." Ibid.

This Court addressed the "colorable claim of innocence" standard in Munroe. There, the motion judge denied the defendant's motion to withdraw his guilty plea even though he raised a self-defense claim during his presentence interview, which was never contradicted at his plea colloquy. Id. at 445. The motion judge "was dismissive of defendant's self-defense claim" because the defendant was armed with a gun, while the victim was armed with only a knife. Id. at 446. The Court determined, however, that the disparity in weaponry was an issue for a jury rather than the motion judge. Ibid. As a result, "[t]he issue is not whether in the mind of the trial court, 'the likelihood of [defendant] winning on a self-defense [claim] was next to nothing.' Rather, the issue is whether defendant raised a colorable claim of innocence that should rightly have been decided by a jury." Ibid. Thus, the evidence presented in support of the claim of innocence must be specific and raise a

legitimate dispute for the jury, but need not clearly exonerate the defendant.

We are mindful that the admissibility and veracity of defendant's evidence has not been tested. Nevertheless, the specific facts that defendant asserted could provide a plausible basis to impeach M.G.'s testimony and cause a reasonable jury to find reasonable doubt as to defendant's guilt. In our view, defendant has provided more than "a bald assertion." His showing meets Slater's first requirement. In fact, he presented evidence as strong as what the defendant in Slater presented.

The second Slater factor "focuses on the basic fairness of enforcing a guilty plea" and calls on defendant to present "fair and just reasons for withdrawal." Slater, supra, 198 N.J. at 159. Courts must assess "whether those reasons have any force." Ibid. Slater instructs that

> [i]n assessing the nature and strength of the reasons for withdrawal, courts should not approach them with skepticism. At the same time, trial judges must act with "great care and realism" because defendants often have little to lose in challenging a guilty plea.
>
> [Slater, supra, 198 N.J. at 160 (quoting State v. Taylor, 80 N.J. 353, 365 (1979)).]

Here, defendant asserts he is innocent. He also explains why, despite being innocent, he agreed to plead guilty. He asserts that his first counsel was ineffective in preparing the

14

case and, later, gave defendant no option but to accept the plea agreement. Defendant thus claims that his counsel induced him to plead guilty. As support for this claim, defendant offers some evidence that contradicts the State's charges. We find that defendant has presented sufficient reasons to support his request for withdrawal. The third factor, the presence of a plea agreement, weighs against defendant. Defendant entered his plea as part of a plea agreement. In exchange for his plea, defendant was sentenced as a second-degree offender rather than a first-degree offender. In addition, related charges that could have resulted in consecutive sentences were dismissed. However, given that the "vast majority of criminal cases are resolved through plea bargains[,]" this factor is not given the greatest weight. Id. at 161.

The judge did not reach the question of prejudice to the State, despite the pronouncement in Slater that courts should consider all four factors. Id. at 162. In any event, nothing in particular in the record demonstrates that the State would be prejudiced by defendant's plea withdrawal in this case.

Slater presents a balancing test. Here, defendant's showing on the first factor is quite strong. After balancing the evidence and arguments in this case against all of the Slater factors, we conclude that defendant has met his burden

and is entitled to withdraw his guilty plea in the interest of justice.

In light of these conclusions we need not reach the other issues defendant raised.

## V.

Therefore, the judgment of the Appellate Division, affirming the denial of defendant's motion to withdraw his guilty plea, is reversed. The judgment of conviction is vacated, the charges dismissed pursuant to the plea agreement are reinstated and the matter is remanded to the Law Division for trial or other proceedings consistent with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion.

SUPREME COURT OF NEW JERSEY

NO.    A-31                           SEPTEMBER TERM 2012

ON CERTIFICATION TO     Appellate Division, Superior Court

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

            v.

CESAR A. LIPA,

    Defendant-Appellant.

DECIDED          September 25, 2014
          Chief Justice Rabner                    PRESIDING

OPINION BY          Judge Rodríguez

CONCURRING/DISSENTING OPINIONS BY

DISSENTING OPINION BY

| CHECKLIST | REVERSE/ VACATE/ REINSTATE/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1