**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4461-15T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LYNN M. GIOVANNI,

     Defendant-Appellant.

_____

Submitted May 14, 2018 – Decided May 13, 2019

Before Judges Ostrer and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-09-1032.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

OSTRER, J.A.D.

This case returns to us after a remand for reconsideration of defendant's application to withdraw her plea to the aggravated manslaughter of her daughter. We assume the reader's familiarity with the facts and legal discussion in our prior opinion. State v. Giovanni (Giovanni I), No. A-1877-11 (App. Div. Nov. 19, 2014). After an evidentiary hearing at which only defendant's trial counsel testified, the trial judge denied defendant's motion, concluding withdrawal was not necessary to correct a "manifest injustice." See R. 3:21-1.[1] We affirm, as we discern no abuse of discretion or error of law in the trial court's cogent and comprehensive opinion.

The trial judge reconsidered the four factors set forth in State v. Slater, 198 N.J. 145, 157-58 (2009) (stating that a court must "consider and balance . . . (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused"). Consistent with our remand, the

---

[1] At a previous evidentiary hearing on defendant's petition for post-conviction relief, defendant and her attorney both testified, as well as an assistant prosecutor. See Giovanni I, slip op. at 9-13.

court acknowledged that defendant presented a "colorable claim of innocence" based on her experts' opinions which "formed the basis for possible insanity and diminished capacity defenses."  However, the court found that defendant had not presented "fair and just reasons to withdraw the plea," and that factor "weigh[ed] strongly against the defendant."  The court concluded that defendant's mental illness did not interfere with her ability to enter a knowing and voluntary plea.  Also, the court found that defendant was aware of the nature of the mental-health-related defenses that she waived by pleading, notwithstanding that the court did not engage in a detailed colloquy about them in the plea hearing.  The court gave some weight to the existence of a plea agreement, which tilted against defendant.  The court also found that the State would suffer some degree of prejudice, as a result of the fading memories or death of witnesses.  The court concluded, "On balance, the Slater factors lean heavily in favor of denying defendant's application to withdraw her plea."

On appeal, defendant contends:

> THE ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW HER GUILTY PLEA SHOULD BE REVERSED BECAUSE THE CRITERIA SET FORTH IN [SLATER] MILITATE IN FAVOR OF HER MOTION TO WITHDRAW HER PLEA.

A-4461-15T1

Defendant revisits each of the four factors, focusing on the court's analysis of factor two.[2]  However, it is not our role to decide for ourselves whether, were we sitting in the trial court, we would have granted defendant's motion after considering and balancing the relevant factors.  Rather, we review the trial court's determination for an abuse of discretion that renders its decision clearly erroneous.  State v. Lipa, 219 N.J. 323, 332 (2014).  We apply that deferential standard "because the trial court is making qualitative assessments about the nature of a defendant's reasons for moving to withdraw his [or her] plea and the strength of his [or her] case and because the court is sometimes making credibility determinations about witness testimony."  State v. Tate, 220 N.J. 393, 404 (2015).  With that standard in mind, we discern no basis to disturb the trial court's well-reasoned conclusions, which were based in significant part on the trial court's credibility determinations after two testimonial hearings.

As directed, see Giovanni I, slip op. at 32, the trial court considered "the degree to which defendant's decision to plead was a result of her mental state."  The court acknowledged that defendant was depressed and under stress.  However, her demeanor at the plea hearing, over which the judge presided, did

---

[2] Defendant also filed a pro se brief, without point headings, which echoed her counseled brief and roamed over numerous areas outside the scope of the appeal.

not reflect a lack of understanding or autonomy. The court noted that the timing of defendant's decision to plead – coming on the heels of a trying and unfavorable evaluation by the State's expert – reflected that she was able to reason and "to discern the impact of the examination." Notably, defendant presented no expert evidence to support a claim that her mental status was responsible for her decision to plead guilty, and a reason for permitting her to withdraw her plea. The court concluded, "There is no proof, much less expert psychological and/or psychiatric proof, that her depression, or any other mental health condition, influenced her decision to plead guilty. To the contrary, the proofs show they did not."

Defendant has presented no basis to disturb that conclusion. Indeed, defendant essentially concedes, both in her counseled and pro se briefs, that her decision to plead guilty was based on her attorney's allegedly erroneous and misleading advice. She was told that her insanity defense was unlikely to succeed; and if it did, she would likely remain in custody, albeit in a hospital, as long as she would if convicted.

With regard to the second factor, we also noted that the trial court, in accepting defendant's guilty plea, did not engage in a "thorough and searching inquiry" with defendant specifically directed to her waiver of the insanity and

diminished capacity defenses. Giovanni I, slip op. at 32-33 (citing State v. O'Donnell, 435 N.J. Super. 351, 374-75 (App. Div. 2014)). We noted that the Supreme Court recently held in State v. Handy, 215 N.J. 334, 362 (2013), that such an in depth inquiry was required before accepting a defendant's waiver of an insanity defense. Giovanni I, slip op. at 33.

The trial court questioned whether the requirement of a colloquy should apply to defendant's plea hearing, which was conducted before O'Donnell was decided. The trial court highlighted that defendant did not raise facts suggesting the defense in the plea hearing itself. The trial court contrasted this case with State v. Urbina, 221 N.J. 509 (2015), where the defendant, in his allocution, presented facts suggesting a self-defense defense. The Supreme Court held that the trial court was obliged to engage in a thorough and searching inquiry into the defendant's understanding of the right being waived, noting that the defendant was not permitted to waive the defense while simultaneously asserting he acted in self-defense. Id. at 528-29. However, we need not resolve this retroactivity issue.

In the analogous context of the waiver of the right to counsel, the Supreme Court held that the failure to engage in a required pre-waiver colloquy with the defendant may be excused, if the evidence demonstrated that the defendant

A-4461-15T1

nonetheless understood the consequences of his or her waiver. State v. Crisafi, 128 N.J. 499, 512-13 (1992). Crisafi addressed the general requirement of an extensive on-the-record warning to ensure that the defendant understands the consequences of waiving counsel and proceeding pro se. Id. at 511-12. Nonetheless, the absence of such a colloquy is not necessarily fatal to an effective waiver. "[T]he ultimate focus must be on the defendant's actual understanding of the waiver of counsel. In the exceptional case, if the record indicates that the defendant actually understood the risks of proceeding pro se, a waiver may" occur in the absence of a searching inquiry. Id. at 512-13 (citations omitted).

Here, notwithstanding the absence of a pre-plea colloquy regarding waiver of the insanity and diminished capacity defenses, the trial court found that defendant was well aware of the defenses she was waiving. In reaching that conclusion, the court carefully evaluated the testimony of defense counsel and defendant. The trial court acknowledged that defense counsel admitted he did not discuss with defendant, on the day of the plea, the consequences of waiving her mental-health-related defenses. Yet, defense counsel testified, credibly in the trial court's view, that he believed his client knew what those defenses were,

based on prior discussions. Notably, defendant disclosed her awareness of the insanity defense in her evaluation with the State's expert.

The trial court also dismissed defendant's contention that she was misled into pleading guilty by her counsel's unduly pessimistic view of the practical consequences of a not-guilty-by-reason-of-insanity (NGRI) verdict. The trial court found that counsel's predictions as to the outcome of periodic review hearings under State v. Krol, 68 N.J. 236 (1975), were inconsequential. "[N]otwithstanding counsel's advice on Krol commitment, defendant told [the State's expert] that she was hopeful of being found not guilty by reason of insanity." The trial court found that defendant waived the defense because she concluded it would not succeed, not because it would make no difference if it did.

Furthermore, as this court recently observed, a defense counsel's "'prediction' based on counsel's 'experience and instinct,' . . . will not support withdrawal of a guilty plea." State v. Hooper, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 23) (quoting State v. DiFrisco, 137 N.J. 434, 455 (1994)). Defense counsel at most provided his prediction of the consequences of an NGRI verdict.

Finally, we discern no merit to defendant's challenge to the court's consideration of the third and fourth <u>Slater</u> factors. As for the presence of a plea agreement, the trial court did not assign it undue weight. Nonetheless, negotiated pleas are entitled to a high degree of finality. <u>State v. Means</u>, 191 N.J. 610, 619 (2007). Regarding the fourth factor, the court did not abuse its discretion in concluding that the State would suffer prejudice in its ability to try the case. In particular, the court noted that the State's expert had died. Although his evaluation of defendant was videotaped, and another expert could prepare an opinion based thereon, the court concluded that defendant would benefit from the delay. That conclusion was supported by the record.

In sum, exercising our deferential standard of review, we discern no abuse of discretion that rendered the trial court's order clearly erroneous.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4461-15T1