**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0752-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

STEVEN PARKEY,

      Defendant-Appellant.

_____

Submitted December 9, 2019 – Decided April 14, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-03-0354.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In an earlier unpublished opinion, we vacated the denial of defendant Steven Parkey's petition for post-conviction relief (PCR) and remanded the matter for further consideration by the PCR court.  See State v. Parkey, A-0332-16 (App. Div. Apr. 10, 2018) (slip op. at 2).  Defendant now appeals from the PCR court's June 26, 2018 order denying his petition for relief again.  The PCR court rejected defendant's contentions for the reasons stated in the court's twenty-seven-page written decision.  On appeal he contends that the PCR court erred by not granting him an evidentiary hearing to address his claim of ineffective assistance of counsel (IAC) relating to his trial counsel's "failure to argue the relevant applicable law at the Sands[1] hearing" conducted during his trial.  In addition, defendant contends that the PCR "court erred in not allowing [him] to withdraw his guilty plea."  We reject his contentions and affirm, substantially for the reasons expressed by the PCR court in its comprehensive written decision.

In our earlier opinion, we set forth the various charges to which plaintiff "pled guilty during his trial while the jury was deliberating."  Parkey, slip op at 2. We also explained that the court "imposed a sentence of twenty-five years . . . with [a] twelve and one-half year[ period] of parole ineligibility, [both] in

---

1  State v. Sands, 76 N.J. 127 (1978).

accordance with defendant's plea agreement." Ibid. As we also noted, on direct appeal, defendant only argued that his sentence was excessive, and we affirmed but remanded for issues relating to the imposition of certain financial penalties. Id. at 3. We then described defendant's contentions on PCR about trial counsel's "errors concerning [the] Sands hearing [that] led [him] to take a plea he otherwise would not have taken," and his argument on PCR that trial counsel failed to make various arguments during sentencing. Ibid. (first and third alteration in original). We also noted defendant's claims of IAC against appellate counsel. Ibid.

The focus of defendant's PCR contentions were rulings made at trial after a Sands hearing about the admission of defendant's prior convictions. As we noted in our earlier decision, although the court originally ruled that it would allow the admission of only one prior conviction, the next day at trial the court allowed the admission of all the prior convictions.[2] Id. at 2-3. Thereafter, when considering defendant's PCR petition, the PCR court only addressed the initial decision to allow the one conviction, evidently because the PCR court was not provided with a transcript of the proceedings from the day the second ruling was made. Id. at 4-5 n.2. For that reason, we remanded the matter directing the PCR

---

[2] The trial judge was the same judge who considered the PCR petition. Id. at 4.

A-0752-18T1

court to reconsider defendant's "petition anew to allow [the PCR court] to evaluate his entitlement to relief in the context of the [trial court's] actual Sands decision and the events that occurred at trial." Id. at 6.

Defendant's claim of IAC was based upon trial counsel's reliance on N.J.R.E. 609 and the Court's opinion in State v. Harris, 209 N.J. 431, 441 (2012). As defendant explained, his trial counsel relied on these legal authorities that were implemented or decided years after the date of the offense defendant committed. Moreover, defendant asserted that trial counsel did not direct the trial court to "relevant case law developed after the instant offense that would have been helpful to defendant's position."

In support of that claim, defendant cited to State v. Murphy, 412 N.J. Super. 553, 565 (App. Div. 2010) and State v. Leonard, 410 N.J. Super. 182, 186-89 (App. Div. 2009). Defendant asserted that trial counsel did not even argue that the "probative value of defendant's previous convictions was substantially outweighed by the risk that its admission would create [a] substantial danger of undue prejudice." He also took issue with trial counsel's failure to direct the trial court to consider Federal Rule of Evidence 609 as a basis to "preclude[] the use of all defendant's prior convictions" because they were too remote.

Defendant stated that he was prejudiced by trial counsel's deficiencies. According to defendant, the admission of the prior convictions prevented him from testifying a trial and explaining to the jury that he was not the individual who "presumably murdered the victim" as he was not present at the location of the incident at the time of the victim's death, rather the victim's ex-boyfriend was there at the time.

Defendant also argued that because of trial counsel's error he was forced to plead guilty, which he would otherwise not have done. Applying the factors under State v. Slater, 198 N.J. 145, 157-58 (2009), defendant claimed that he established his right to withdraw his plea for that reason. According to defendant, his testimony at trial would have established "a colorable claim of . . . innocence" and a "plausible showing of a valid defense against the charges." Defendant also asserted that although the offense was committed in 1990, and his convictions were based upon his guilty plea, the trial took place in 2014 and therefore the State would not be exposed to any real prejudice if a new trial was granted.

As noted, after reconsidering defendant's petition on remand, the PCR court again entered an order denying defendant relief. In the court's accompanying statement of reasons, it initially reviewed the "procedural

posture" of the case and explained that at trial "[t]he [c]ourt ruled that [defendant's] conviction from 2005 was admissible but that four earlier convictions were too remote and thus, inadmissible." However, after the State asked the court to reconsider its decision on the next day of trial, the court allowed defendant's additional convictions to be admitted once they were sanitized. As the court explained, it relied upon "defendant's extensive criminal history[, which] supported a finding that there were no significant breaks in arrests over the years to allow the conclusion that there was a natural break and a period of law abiding behavior."

The PCR court then set forth the facts surrounding defendant's conviction and turned to the parties' arguments on remand. The court described defendant's argument as: "[H]is trial counsel was ineffective in that he failed to properly argue the Sands motion[,] . . . failed to move for leave to file an[] emergent appeal . . . [, and] also argued that cumulative error[s] resulted in . . . [defendant] being denied his right to a fair trial."

The court then conducted an extensive discussion of the law governing consideration of a PCR petition under the two-prong test stated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The judge noted that where, as

6

here, a defendant pled guilty, the two-prong test was modified by the Court in State v. DiFrisco, 137 N.J. 434, 457 (1994) to require that a defendant establish that: "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases,' and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" (Alteration in original) (citations omitted).

The PCR court went on to consider each of defendant's contentions anew. Addressing defendant's contention about trial counsel's assistance in pursuing the exclusion of his prior convictions, the court concluded that defendant "failed to show that his trial counsel's performance was deficient." As the court described, it analyzed the law in effect at the time the crime was committed and determined that the end result would have been the same had the court also relied on N.J.R.E. 609. The court explained that under Sands, it was defendant's burden to establish that the exclusion of his prior convictions would have been justified. Quoting State v. Paige, 256 N.J. Super. 362, 373 (App. Div. 1992), the PCR court stated that "[t]he key to exclusion is remoteness," but "[w]hen a defendant has an extensive prior criminal record, indicating that he has contempt for the bounds of behavior placed on all citizens, his burden should be a heavy one in attempting to exclude all such evidence."

The PCR court stated that at trial, the court found that all of defendant's prior convictions were admissible "for impeachment purposes since there was no significant break in arrests [or] a period of law abiding behavior." The court concluded that under whichever law was argued by trial counsel, whether it was "the Federal Rules of Evidence" or "the law in effect at the time the crimes were committed, [defendant] ha[d] not established that trial counsel's performance was deficient in this regard." Moreover, under Strickland's second prong, the PCR court concluded, as it did in its earlier decision on PCR, defendant "failed to establish that but for trial counsel's failure to object to the use of N.J.R.E. 609 and the timing of the Sands hearing, he would not have pled guilty." The PCR court relied primarily upon defendants "very favorable plea agreement."

Turning to defendant's contention about his right to withdraw his guilty plea, the PCR court reviewed the applicable law under Slater and Rule 3:21-1. Quoting State v. Howard, 110 N.J. 113, 123 (1988), the court stated that "withdrawal of a plea is more rigid following the sentencing of a defendant, considering the 'strong interest of the State in the finality of a guilty plea.'" The court then identified the four Slater factors and applied them to defendant's claims and found defendant failed to meet his burden as to each factor. This appeal followed.

A-0752-18T1

POINT I

THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO ARGUE THE RELEVANT APPLICABLE LAW AT THE <u>SANDS</u> HEARING.

POINT II

THE COURT ERRED IN NOT ALLOWING DEFENDANT TO WITHDRAW HIS GUILTY PLEA.

We review de novo a decision to deny a petition for PCR where the PCR court did not conduct an evidentiary hearing. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004). Under those circumstances, "it is within our authority 'to conduct a de novo review of both the factual findings and legal conclusions of the PCR court.'" <u>State v. Reevey</u>, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting <u>Harris</u>, 181 N.J. at 421).

We review a court's decision on motions to withdraw a guilty plea for "an abuse of discretion." <u>State v. O'Donnell</u>, 435 N.J. Super 351, 372 (App. Div. 2014). The "denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if . . . the lower court's decision [was] clearly erroneous." <u>State v. Lipa</u>, 219 N.J. 323, 332 (App. Div. 2014) (quoting <u>State v. Simon</u>, 161 N.J. 416, 444 (1999)). "A denial of a motion to vacate a plea is

'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrant a grant of that relief." O'Donnell, 435 N.J. Super at 372 (quoting State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009)).

Applying these standards, we agree that the PCR court correctly denied defendant's petition for PCR and his application to withdraw his guilty plea, substantially for the reasons expressed by the PCR court in its thoughtful and thorough written decision. We find no merit to any of defendant's contentions to the contrary and conclude, as did the PCR court, that defendant failed to establish a prima facie claim of IAC within the Strickland test and failed to meet his burden under Slater. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION