# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0231-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

A.U.B.,

     Defendant-Appellant.

_____

Submitted October 28, 2025 – Decided March 2, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 20-03-0636.

Zucker Steinberg and Wixted PA, attorneys for appellant (Saul J. Steinberg, of counsel and on the brief).

Grace A. MacAulay, Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant A.U.B.[1] appeals the Law Division's August 9, 2024 denial of his motion to vacate his guilty plea to criminal coercion arising from a domestic violence incident. This is defendant's second motion to vacate the plea, and on appeal, he again contends the trial court erred in applying the Slater[2] factors for withdrawing a guilty plea. After carefully reviewing the record in light of the governing legal principles, we affirm.

I.

We discern the following facts and procedural history from the record. On February 3, 2020, the victim—defendant's wife at the time—reported domestic violence and sexual abuse to the Collingswood Police Department. She also filed a domestic violence complaint seeking a restraining order. Later that day, defendant was arrested and charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6), and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(12).

In March 2020, a grand jury charged defendant with first-degree aggravated sexual assault in a single-count indictment. On April 15, 2020, the charge was amended to fourth-degree criminal coercion, N.J.S.A. 2C:13-5(a)(1),

---

[1] We use initials to protect the identity of the victim. See R. 1:38-3(c)(12).

[2] State v. Slater, 198 N.J. 145 (2009).

pursuant to a plea agreement. On April 17, 2020, defendant pled guilty to the reduced charge. On July 10, 2020, the trial court sentenced defendant to a three-year term of probation in accordance with the terms of the plea agreement.

On September 24, 2020, defendant filed a motion to vacate the guilty plea and conviction (the 2020 motion), arguing that (1) his plea did not provide an adequate factual basis to establish the elements of criminal coercion and (2) he should be permitted to withdraw his plea under the "manifest injustice" standard, R. 3:21-1, and the Slater factors. The trial court denied the motion, as well as defendant's subsequent motion for reconsideration, and we affirmed the denials on appeal, concluding that defendant's plea established an adequate factual basis for his conviction and that the court properly applied the Slater factors. State v. A.U.B., No. A-1942-20 (App. Div. Feb. 6, 2023). On May 16, 2023, defendant's petition for certification was denied. State v. A.U.B., 254 N.J. 60 (2023).

On February 13, 2024, defendant filed a second motion to vacate his guilty plea and conviction. Defendant argued that, since the 2020 motion, two intervening civil cases had revealed new evidence demonstrating that the victim and her family "hatched . . . a plot" to falsely accuse him of domestic violence and sexual abuse—thereby supporting a strong claim of innocence under Slater factor one. See Slater, 198 N.J. at 158-59.

More specifically, defendant alleged the following newly discovered facts: (1) while defendant was away on a business trip, the victim's family "convened for the purpose of discussing how to get rid of" defendant; (2) the victim and her sister plotted to report defendant for unlawful possession of a weapon, and staged a video depicting their discovery of a gun in defendant's home; (3) the victim's mother texted the victim urging her to "report the rape;" (4) the victim and her mother made false reports about defendant to the Division of Child Protection and Placement; (5) the victim and her mother sewed a listening device into the clothing of the victim and defendant's son to secretly record defendant; (6) the victim volunteered to lie about who had sewn the listening device into the child's clothing; and (7) in a January 5, 2022 custody report, a custody expert stated that the victim "experiences/suffers from . . . persecutory ideation."

Defendant argued that these alleged facts show the victim "lied and continued to lie all the way throughout the criminal process" and thereby "establish[] a very strong showing of a colorable defense" warranting the withdrawal of his guilty plea. Defendant also renewed his previous argument that his plea was "coerced" by the pandemic-related suspension of jury trials,

4

jail conditions during the pandemic, and the ongoing divorce and child custody proceedings between defendant and the victim.

The trial court denied defendant's motion, issuing a twenty-one-page written opinion. The court provided two independent bases for denial. First, it held that defendant's motion was barred by the law of the case doctrine because it raises the same issues as his 2020 motion. Second, the court considered and rejected defendant's motion on the merits, analyzing each of the <u>Slater</u> factors and concluding that defendant had failed to demonstrate a manifest injustice under <u>Rule</u> 3:21-1. The court also rejected defendant's fundamental fairness and due process arguments. This appeal follows.

Defendant raises the following contentions for our consideration:

> POINT I
>
> THE COURT ERRED IN ITS [BALANCING] OF THE <u>SLATER</u> FACTORS BY GIVING ONLY LITTLE WEIGHT TO DEFENDANT'S COLORABLE CLAIM OF INNOCENCE, DESPITE NEWLY DISCOVERED EVIDENCE OF THE COMPLAINANT'S LIES AND [DECEIT].
>
> POINT II
>
> THE COURT ERRED IN FINDING THAT ANALYSIS OF THE SECOND <u>SLATER</u> [FACTOR] WEIGHED SIGNIFICANTLY AGAINST DEFENDANT'S REQUESTED RELIEF.

A-0231-24

POINT III

THE COURT ERRED IN NOT AFFORDING ANY WEIGHT TO DEFENDANT'S CLAIM THAT [] GRANTING THE MOTION TO WITHDRAW WOULD NOT RESULT IN PREJUDICE TO THE STATE.

POINT IV

THE PROSECUTON OF [DEFENDANT] WAS HATCHED FROM A PLOT BY COMPLAINANT AND HER FAMILY TO BE RID OF HIM AND DESTROY HIS LIFE AND THUS THE CONVICTION IS FUNDMENTALLY UNFAIR; IT IS SIMPLY WRONG.

II.

We begin by addressing the State's argument that defendant's motion is barred by the law of the case. "The law-of-the-case doctrine is a non-binding rule intended to prevent relitigation of a previously resolved issue in the same case." State v. K.P.S., 221 N.J. 266, 276 (2015) (internal quotation marks and citations omitted). See also State v. Reldan, 100 N.J. 187, 208 (1985) (O'Hern, J., dissenting) ("[T]he 'law of the case' rule ordinarily precludes a court from reexamining an issue previously decided by the same court, or a higher appellate court, in the same case." (internal quotation marks omitted)).

Here, the State argues that the trial court's determination that the 2020 motion failed to demonstrate a manifest injustice under the Slater factors

6

precludes defendant from "relitigating" that issue in his present motion. We are unpersuaded, however, that the law of the case doctrine bars defendant's present motion, where that motion relies on newly discovered evidence. See L.T. v. F.M., 438 N.J. Super. 76, 88 (App. Div. 2014) (holding that the law of the case doctrine does not apply "when 'there is substantially different evidence' from that available at the time of the prior decision" (quoting Sisler v. Gannett Co., 222 N.J. Super. 153, 159 (App. Div. 1987), certif. denied, 110 N.J. 304 (1988))); State v. Roccasecca, 130 N.J. Super. 585, 591 (Law Div. 1974) ("Where, as here, new evidence comes to light which was unavailable at the time of the . . . motion through no fault of the movant, the court should not be foreclosed from considering the weight, if any, to be afforded the new evidence."). Here, defendant's present motion does not raise the same "previously resolved issue," but rather the distinct question of whether the new evidence obtained in intervening civil litigation changes the Slater analysis. We thus conclude that defendant's motion was not barred by the law of the case and address his contentions on the merits.

## III.

We next address defendant's claim that the trial court erred in its application of the Slater factors. Beginning with the applicable legal principles,

A-0231-24

a guilty plea "create[s] a 'formidable barrier' the defendant must overcome in any subsequent proceeding." Slater, 198 N.J. at 156-57 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Therefore, "the burden rests on the defendant, in the first instance, to present some plausible basis for his request." Id. at 156 (quoting State v. Smullen, 118 N.J. 408, 416 (1990)). "[T]he timing of the motion will trigger different burdens of proof." Id. at 158. "[P]re-sentence motions to withdraw a plea are governed by the 'interest of justice' standard in Rule 3:9-3(e), while post-sentence motions are subject to the 'manifest injustice' standard in Rule 3:21-1." Ibid. Here, defendant's second motion to withdraw was filed nearly four years after his sentence. Accordingly, as defense counsel acknowledges, defendant was required to establish that sustaining his guilty plea would have left a manifest injustice uncorrected. R. 3:21-1.

In evaluating a motion to withdraw a guilty plea, Slater requires consideration of the following factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150. "No factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." Id. at 162.

A-0231-24

"In a Slater scenario, the appellate standard of review is abuse of discretion." State v. Tate, 220 N.J. 393, 404 (2015) (citing State v. Lipa, 219 N.J. 323, 332 (2014)). "That is so because the trial court is making qualitative assessments about the nature of a defendant's reasons for moving to withdraw his [or her] plea and the strength of his [or her] case and because the court is sometimes making credibility determinations about witness testimony." Ibid. Unless an abuse of discretion "renders the lower court's decision clearly erroneous," the trial court's Slater findings will not be reversed. Lipa, 219 N.J. at 332 (quoting State v. Simon, 161 N.J. 416, 444 (1999)).

Applying the foregoing legal principles to the present facts, we find no abuse of discretion in the trial court's careful analysis of the Slater factors. We thus conclude that the court properly denied defendant's motion to withdraw his guilty plea.

As to the first factor, the court found that defendant had proffered a colorable claim of innocence, but it gave this factor "little weight" because the claim of innocence was inconsistent with defendant's plea colloquy. "A bare assertion of innocence is insufficient to justify withdrawal of a plea." Slater, 198 N.J. at 158. Instead, a defendant must present "specific, credible facts and, where possible, point to facts in the record that buttress their claim." Ibid.

Indeed, in both <u>Slater</u> and <u>State v. Munroe</u>, 210 N.J. 429 (2012), our Supreme Court emphasized the importance of consistency between a defendant's plea colloquy and ensuing claim of innocence. <u>See</u> <u>Munroe</u>, 210 N.J. at 445 ("As in <u>Slater</u>, not a word that [the] defendant uttered in court during his plea colloquy was inconsistent with . . . his sworn testimony when he moved to withdraw his guilty plea.").

Here, as the trial court noted, defendant's post-sentence assertion that "he never engaged in nonconsensual sex with his wife and never threatened her" was "in direct contradiction to his statements under oath in which he admitted he threatened his wife to restrict her ability to engage or disengage in sexual intercourse." Defendant contends the newly discovered evidence required the assignment of "heavy weight" to this factor. However, the court rejected this argument, determining that

> [n]othing about the newly discovered evidence changes this conclusion. That evidence, like the evidence from defendant's first motion to withdraw his plea, undermines the credibility of [the victim]. But there was no trial, so there was no credibility contest. Defendant knowingly and voluntarily waived his right to a trial. And when the court asked him if he understood this meant he was waiving any defenses, he answered in the affirmative. Thus, while defendant's post-sentence, contradictory statements create a colorable claim of innocence, the court gives this factor

A-0231-24

little weight because it contradicts what he told the court under oath.

We agree with the trial court's analysis and find no abuse of discretion in its conclusion.

In relation to the second factor, the court found that defendant's reasons for withdrawal were not strong and that this factor weighed "significant[ly]" against him. Defendant argues that he was "circumstantially forced" to plead guilty because he was detained pretrial during the height of the pandemic and needed to be able to litigate his divorce and child custody dispute from a position of freedom. In these circumstances, defendant contends, the court erred in assigning significant weight to this factor.

In Slater, our Supreme Court provided a non-exhaustive list of reasons warranting withdrawal of a guilty plea:

> (1) [T]he court and prosecutor misinformed the defendant about a material element of the plea negotiation, which the defendant relied on in entering his plea; (2) the defendant was not informed and thus did not understand material terms and . . . the direct, penal consequences of the plea; (3) [the] defendant's reasonable expectations under the plea agreement were not met; and (4) the defendant has not only made a plausible showing of a valid defense against the charges, but also credibly demonstrated why that defense was forgotten or missed at the time of the plea.

11

[Slater, 198 N.J. at 159-60 (internal quotation marks and citations omitted).]

The trial court carefully examined each of these reasons and concluded that none apply to defendant, explaining,

[D]efendant does not claim he was misinformed, or that he did not understand the terms and consequences of the plea. On the contrary, during defendant's plea colloquy the court confirmed that defendant knew the maximum penalty, and that he knew about the conditions of his probation. To the extent defendant claims his pre-trial detention coerced him into pleading guilty, he is contradicted by his own statements given under oath at the time of his plea. The court asked defendant if he had been coerced into pleading guilty. He answered in the negative. The court asked defendant if he understood that he did not need to plead guilty. Defendant said under oath that he did.

Furthermore, the court noted that defendant offered no explanation "as to why his defense to the charge was missed at the time of the plea" nor an explanation "as to why he waited until after his sentence to raise his innocence." The court also specifically addressed the newly discovered evidence, noting that defendant "was aware at the time of the plea that [the victim] had manufactured the weapons charge" and that she "had never stated the sexual activity was nonconsensual." We conclude that the trial court did not abuse its discretion in determining that this factor weighed significantly against withdrawal.

12

As to third factor, the court recognized that the existence of a plea agreement is not "given great weight in the balancing process" because it applies in the vast majority of criminal cases, Slater, 198 N.J. at 161, and that this factor "must be viewed in light of the other three factors," Munroe, 210 N.J. at 447-48. It therefore concluded that the existence of a plea agreement was "not a significant factor" in this case. Ibid. Defendant does not challenge the court's analysis of this factor on appeal. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). In any event, we find no abuse of discretion in the court's conclusion.

As to the fourth factor, the court found that minimal, if any, prejudice to the State would result from a withdrawal of the plea. However, it also determined that Slater does not require the State to show prejudice if a defendant has failed to establish a sufficient reason for withdrawal. Ibid. Accordingly, the court concluded this factor "favor[ed] neither party." Ibid. Defendant argues that this factor should have weighed significantly in his favor.

In Slater, our Supreme Court held that

> [t]he State is not required to show prejudice if a defendant fails to offer proof of other factors in support of the withdrawal of a plea. U.S. v. Jones, 336 F.3d 245, 255 (3d Cir. 2003). However, when there are colorable reasons for withdrawal, coupled with an appropriate assertion of innocence, "arguments against

A-0231-24

permitting withdrawal of a plea prior to sentencing weaken considerably" absent unfair prejudice or advantage. Smullen, 118 N.J. at 417.

[198 N.J. at 162 (citations modified).]

As discussed above, the trial court properly determined that defendant's claim of innocence deserved "little weight" and that defendant's reasons for withdrawal weighed against him significantly. In these circumstances, we find no abuse of discretion in the court's determination that the fourth factor favored neither party.

Based on the above analysis, the court found that "there is one factor against granting the motion[,] one factor in favor of granting the motion . . . [and] two factor[s] favor[ing] neither party." It therefore concluded that "defendant ha[d] failed to meet his burden." Ibid. We see no abuse of discretion in the trial court's analysis, and we decline to substitute our judgment for the court's in weighing the factors. Even if we were to substitute our judgment for that of the trial court, we do not believe defendant demonstrated a manifest injustice resulting from his guilty plea. For similar reasons, we likewise reject defendant's contention that his conviction is fundamentally unfair.

A-0231-24

To the extent we have not specifically addressed them, any remaining arguments made by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0231-24