**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2302-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SONNY NICHOLAS,

     Defendant-Appellant.

_____

Argued December 2, 2019 – Decided October 5, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 18-01-0108.

Brian J. Neary argued the cause for appellant.

Ian C. Kennedy, Assistant Prosecutor, argued the cause for respondent (Mark Mussella, Bergen County Prosecutor, attorneys; Ian C. Kennedy, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

The opinion of the court was delivered by

MITTERHOFF, J.A.D.

Defendant Sonny Nicholas appeals his conviction for second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). After pleading guilty to the offense, but prior to sentencing, defendant learned that the victim was under investigation for possession of child pornography. Defendant sought to withdraw his plea, claiming he would not have agreed to plead guilty had he known of the investigation. The trial judge denied the motion, finding the evidence was not exculpatory. We affirm.

We discern the following facts from the record. This matter arises from an incident on October 31, 2017, in which defendant, accompanied by his son, attacked the victim from behind with a baseball bat as the victim was walking on a sidewalk in Fort Lee, New Jersey. Defendant struck the victim in the back of his head, causing multiple skull fractures and a brain bleed. A nearby video camera captured the incident and showed defendant fleeing on foot after the attack. The baseball bat was later recovered nearby.

A week later, detectives learned from the victim's mother that her neighbor, Danny Eli, had been attacked earlier that month. Eli has a resemblance to defendant. Eli later identified defendant's son, Geno Anderson, as his attacker. Eli indicated that Anderson assaulted him because Eli had been romantically involved with his mother, defendant's ex-wife. Eli confirmed the

2

identity of Sonny Nicholas and Geno Anderson after being shown photographs of the defendants.

On January 11, 2018, both defendant and Anderson were indicted by a Bergen County grand jury. The defendants were charged with: (1) first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; (2) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and (3) third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2). Defendant was charged with three additional counts: (4) third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); (5) fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and (6) third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2.

On March 14, 2018, defendant pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). This was pursuant to a plea agreement whereby all other charges would be dismissed and the State would recommend a seven-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In setting forth a factual basis for the plea, defendant admitted that on October 31, 2017, while in Fort Lee, New Jersey, he saw someone that he believed to be Danny Eli. Defendant stated he was angry with Eli for issues involving his ex-wife. Defendant admitted he attacked the man he thought to be

A-2302-18T4

Eli from behind with a baseball bat, striking him in the back of the head. He went on to admit that he knew what he was doing was wrong and illegal, that he took responsibility for the assault and issued an apology, and that he later found out the man he attacked was not his intended victim. He stated he was not forced, threatened, or coerced into pleading guilty. Defendant indicated he was pleading guilty because he was guilty. Defendant confirmed he had the opportunity to review the police reports of his assault and that his attorney had answered all of his questions regarding the case. He stated he was satisfied with the quality of legal representation he received. He agreed that he had initialed each page of the plea agreement, signed the last page, and indicated he understood each question on the form.

On March 14, 2018, defendant's son, Anderson, pled guilty pursuant to a separate plea agreement. In exchange for his guilty plea, the State would recommend five years of non-custodial probation at sentencing. Anderson and Nicholas plea agreements were contingent upon one another, in that neither could take advantage of the agreement unless both did.

Unbeknownst to defendant, prior to the attack and while plea negotiations were ongoing, the victim had been under investigation for possession of child pornography. On June 22, 2018, after both pleas had been accepted, the victim

4

was charged with second-degree possession of child pornography and second-degree distribution of child pornography.

On August 23, 2018, defendant filed a notice of motion to withdraw his guilty plea. Defendant argued the State had failed to disclose that the victim was under investigation for child pornography before defendant agreed to plead guilty. Defendant alleged the plea was not made voluntarily, knowingly, and intelligently because the State withheld exculpatory evidence. The defendant claimed that, but for the state's non-disclosure, defendant would not have struck the deal that he did. Defendant alleged that he has a fundamental right to be informed of any evidence tending to show the State's influence over a particular witness, and that because the State had failed to disclose such evidence, he should be permitted to withdraw his guilty plea.

The State countered that the victim could not provide any material information regarding his attack because he never saw the perpetrator. One moment he was standing in a parking lot, and the next thing he knew he was in a hospital. Thus, he could not identify his attacker or provide any information that was material to defendant's guilt or innocence. Accordingly, the State denied that the investigation was exculpatory for purposes of discovery.

A-2302-18T4

In a written opinion filed on December 14, 2018, the court denied defendant's motion to withdraw his guilty plea. The court determined that defendant had failed to satisfy any prong of the four-part test used to decide whether to vacate a guilty plea set forth by State v. Slater, 198 N.J. 145 (2009). The court also found that defendant had failed to demonstrate that the withheld evidence was favorable to defendant or material to his defense.

On January 4, 2019, defendant was sentenced in accordance with his plea agreement to seven years imprisonment subject to NERA, followed by three years of parole supervision. This appeal ensued.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN FAILING TO ALLOW DEFENDANT NICHOLAS TO WITHDRAW HIS GUILTY PLEA AFTER THE STATE'S DISCOVERY VIOLATION WAS UNCOVERED PRIOR TO SENTENCE.
    A.    The State withheld evidence in violation of Rule 3:13-3 and Brady v. Maryland.
    B.    Mr. Nicholas' plea must be withdrawn because it was not made voluntarily, knowingly, and intelligently.
    C.    The prosecutor failed to adhere to their ethical obligations and therefore Mr. Nicholas' appeal must be granted.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA, DUE TO MISAPPLICATIOIN OF SLATER TEST.

6

Defendant first argues the State's failure to disclose the ongoing investigation of the victim violated its duty under Rule 3:13-3 and Brady v. Maryland, 373 U.S. 83 (1963). We reject this argument and agree with the trial court's conclusion that evidence of the investigation was neither favorable to defendant nor material to the defense.

We review a court's decision on motions to withdraw a guilty plea for "an abuse of discretion." State v. O'Donnell, 435 N.J. Super 351, 372 (App. Div. 2014). The "denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if . . . the lower court's decision [was] clearly erroneous." State v. Lipa, 219 N.J. 323, 332 (App. Div. 2014) (quoting State v. Simon, 161 N.J. 416, 444 (1999)). "A denial of a motion to vacate a plea is 'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrant a grant of that relief." O'Donnell, 435 N.J. Super at 372 (quoting State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009)).

A Brady violation occurs where the prosecution withholds material evidence favorable to the defendant. See Brady, 373 U.S. 83 (1963). "In order to establish a Brady violation[,] the defense must demonstrate that (1) the

prosecution failed to disclose the evidence;[1] (2) the evidence was of a favorable character for the defense; and (3) the evidence was material." State v. Carter, 85 N.J. 300, 311 (1981).

Defendant failed to demonstrate that the evidence was favorable to him or material to his defense. Because the victim could not shed light on the identity of his attacker, it would not weigh at all in favor of or against defendant's involvement. Moreover, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Parsons, 341 N.J. Super. 448, 455 (App. Div. 2001) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). "A 'reasonable probability' is one that is 'sufficient to undermine confidence in the outcome' of the trial." Ibid.

Evidence of the investigation could not have created a reasonable probability that the result of defendant's prosecution would have been different. At trial, the victim would not have been able to identify defendant because he

---

[1] We need not wrestle with the issue of whether investigation of a witness prior to arrest is discoverable in a criminal case. Cf. North Jersey Media Group Inc. v. Bergen County Prosecutor's Office, 447 N.J. Super. 182, 203 (App. Div. 2016) (recognizing ongoing investigation privilege in media access context). Our conclusion that the material was not exculpatory obviates any need to wade into that quagmire under these facts.

never saw him. Moreover, defendant and the victim were strangers; thus, the victim would have nothing to offer on the issue of motive. The State would have relied on the victim only to testify as to the extent of his injuries, a subject that is irrelevant to defendant's guilt or innocence.

Independent of any testimony by the victim, the State possessed abundant evidence of defendant's guilt. Eli, the victim's neighbor, would have supplied defendant's motive in anticipated testimony that he had been involved with defendant's ex-wife, and for that reason he had been attacked by Anderson just a month earlier. In addition, video footage placed defendant in Fort Lee on the date and at the time of the attack; video footage placed defendant in the area the baseball bat was later found; and video footage showed defendant fleeing the area in a vehicle. The State's investigation of the victim for offenses that had no connection to defendant's crimes would not have diminished the persuasive value of any piece of evidence the State was likely to rely upon.

Based on the foregoing, we agree with the trial judge that the State did not violate Rule 3:13-3 or Brady.[2]

---

[2] For similar reasons, we also reject that reversal is warranted because the prosecutor failed to adhere to ABA Model Rule 3.8(d) and ABA Standard for Prosecution Function 3-3.11(1)(a). Those rules, in relevant part, require disclosure of evidence that tends to negate the guilt of the accused or mitigates

We also reject defendant's argument that the trial judge misapplied the test set forth in Slater, 198 N.J. at 150. In Slater, this state's Supreme Court identified four factors that trial courts should consider in evaluating a defendant's motion to withdraw his or her guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157–58. "[T]he burden rests on the defendant . . . to present some plausible basis for his request, and his good faith in asserting a defense on the merits." Id. at 156. When balancing the Slater factors, none are mandatory and the fact that a single factor is absent does not automatically disqualify or dictate relief. Id. at 162.

In this case, we agree with the trial judge that defendant failed to show a colorable claim of innocence. While courts are not to conduct "mini-trials" on defendant's claims of innocence, they must determine whether the defendant's claims "rest[] on, plausible facts rather than a blanket, bald statement." Id. at 159. In this case, when the evidence of the investigation, which has no bearing

the offense. Because the evidence did not negate defendant's guilt or mitigate the offense, there was no ethical lapse in the non-disclosure.

10

on defendant's guilt or innocence, is weighed against the body of evidence the prosecution had collected at the time of the plea, we find no colorable claim of innocence. In addition to the lengthy plea colloquy the trial court relied on in its determination, the prosecution had collected substantial evidence against defendant. The motive and jealously evidence, video footage of the attack and escape, and positive identification by Eli, culminate in the conclusion that defendant has failed to offer proof on the first Slater factor.

With respect to factor two, defendant argues evidence of the criminal investigation is exculpatory evidence that would have enabled him to impeach the State's witness. "A defendant will likely satisfy [the second] factor if he can make a 'plausible showing of a valid defense against the charges' and credibly explain why an otherwise legitimate defense was overlooked during the plea colloquy." State v. Munroe, 210 N.J. 429, 443 (2012) (citing Slater, 198 N.J. at 159-60). Because the evidence is not exculpatory, however, we reject defendant's argument.[3]

The third Slater factor, the existence of a plea bargain, is met. Defendant negotiated a term of seven years subject to NERA on a second-degree charge.

---

[3] Tellingly, defendant has failed to articulate how the evidence could be used to impeach the victim's testimony concerning his injuries.

The plea agreement was favorable to both defendant and his son, who received a noncustodial sentence as part of the overall plea bargain. If defendant had gone to trial, he would have faced five additional charges, including first-degree attempted murder, for which he faced a thirty-year prison term subject to NERA. His son's plea bargain would also have been rescinded, forcing the son to plea on less favorable terms or go to trial. Under these circumstances, it seems highly unlikely that defendant would have chosen to go to trial.

Because defendant has failed to offer proof of the first three factors, we need not consider whether the State would be prejudiced. Slater, 198 N.J. at 162.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2302-18T4