# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3525-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER EMMONS,

     Defendant-Appellant.

_____

Submitted November 17, 2020 – Decided February 3, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FO-03-0248-19.

Domers, Bonamassa & Hynes, PC, attorneys for appellant (Michael A. Bonamassa, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Christopher Emmons appeals from an order of disposition after he pleaded guilty to and was sentenced for contempt of a final restraining order (FRO), N.J.S.A. 2C:29-9(b)(2), that prohibited him from having any contact with his former girlfriend, the mother of his daughter, arguing:

POINT I

[DEFENDANT] WAS WITHOUT THE CAPACITY TO ENTER INTO A PLEA OF GUILTY TO THE FRO AND SHOULD HAVE BEEN AFFORDED, BY WAY OF DISCUSSION WITH HIS COUNSEL, OR BY THE COURT, TO WITHDRAW HIS GUILTY PLEA WITH THE MATTER TO BE SCHEDULED FOR AN EVIDENTIARY HEARING BECAUSE:

    1.    THE PLEA WAS NOT ACTUALLY KNOWING AND VOLUNTARY, AS [DEFENDANT] HAD QUESTIONS FOR THE COURT AND DID NOT KNOW THE SERIOUSNESS OF THE CHARGES, AND

    2.    HE DID NOT UNDERSTAND NOR PROVIDE A FULL FACTUAL BASIS FOR THE CHARGES.

POINT II

DEFENDANT'S GUILTY PLEA MUST BE VACATED BECAUSE HE WAS MIS-ADVISED BOTH BY HIS COUNSEL AND THE [PLEA] COURT CONCERNING THE CONSEQUENCES OF HIS PLEA. AT MINIMUM, DEFENDANT MAINTAINS A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant never filed a motion to withdraw his plea or a petition for post-conviction relief (PCR); on the record before us, we affirm.

Rule 3:9-2 prohibits the plea court from accepting a plea

> without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

"Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court." State v. Lipa, 219 N.J. 323, 332 (2014).

Under Rule 3:21-1, "[a] motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." Thus, a defendant may withdraw a post-sentencing plea only to "correct a manifest injustice," whereas prior to sentencing the plea may be withdrawn in "the interest of justice." Lipa, 219 N.J. at 332; see R. 3:9-3(e), 3:21-1.

When the reason for the motion to withdraw is a lack of an adequate factual basis, our review is de novo because we are "in the same position as the trial court in assessing whether the factual admissions during [the] plea colloquy

3

satisfy the essential elements of [the] offense" which does not involve "making a determination based on witness credibility or the feel of the case, circumstances that typically call for deference to the trial court." State v. Tate, 220 N.J. 393, 403-04 (2015).

Where, however, an adequate factual basis supports the plea "but the defendant later asserts his [or her] innocence," id. at 404, a motion to withdraw, whether made before or after sentencing, is judged by the four-prong test set forth in State v. Slater, 198 N.J. 145, 157-58 (2009), which requires a court to balance: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused." See also Tate, 220 N.J. at 404. We review appeals of such motions for abuse of discretion because in deciding those motions "the trial court is making qualitative assessments about the nature of a defendant's reasons for moving to withdraw his plea and the strength of his case and because the court is sometimes making credibility determinations about witness testimony." Ibid.

Defendant contends because the plea court "failed to satisfy the[] requirements of . . . Rule [3:9-2], Slater directs that the plea be withdrawn."

This argument misapprehends the law. His argument that the plea court failed to comply with Rule 3:9-2 requires an analysis discrete from that which would have been required for his contention that he inadvertently had telephone contact with the victim when he attempted to call back his daughter who lived with the victim and with whom he was speaking before that call was dropped. As the Tate Court explained, "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Ibid. In that defendant did not file a motion to withdraw in the Family Part, our review is limited to that which we can review de novo: whether the plea colloquy established an adequate factual basis and otherwise complied with Rule 3:9-2.

We start with the factual basis. "A factual basis for a plea must include either an admission or the acknowledgment of facts that meet 'the essential elements of the crime.'" Id. at 406 (quoting State ex rel. T.M., 166 N.J. 319, 333 (2001)). The elements of disorderly persons contempt of a restraining order are:

> (1) There was a court order entered under the provisions of the "Prevention of Domestic Violence Act"[1][;]
>
> (2) [t]he defendant knew of the existence of the order[;]
>
> (3) [t]he defendant purposely or knowingly violated a provision of the order[; and]

---

[1] Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to -35.

(4) [t]he conduct which constituted the violation could also constitute a crime or a disorderly persons offense.

[Model Jury Charges (Criminal), "Violation of an Order Under the Prevention of Domestic Violence Act (N.J.S.A. 2C:29-9(b))" (rev. June 20, 1997); see also N.J.S.A. 2C:29-9(b)(2).]

Defendant admitted: he was present when the November 9, 2018 FRO was entered; he was served with the FRO; the FRO prohibited him from having any contact with the victim; and he called the house where the victim lived knowing that such action violated the restraining order. Despite defendant's explanation that he was calling his daughter, in prior colloquy with the plea court during which the court invited him to ask any questions he wished, defendant complained it was "very hard for [him] to contact [his] daughter" because he could not call the house under the FRO's proscriptions. He sua sponte admitted, "I can't call the house." He asked the court if there was a way to change the FRO's terms to allow him to call his daughter although she lived in the same house as the victim. Thus, defendant knew that he was violating the order by calling the victim's house even though he was attempting to speak with his daughter. As the plea court found, there was an adequate factual basis satisfying all the elements of the offense. This was not a circumstance where Rule 3:9-2 was required to "protect a defendant who [was] in the position of pleading

voluntarily with an understanding of the nature of the charge but without realizing that his conduct [did] not actually fall within the charge." State v. Barboza, 115 N.J. 415, 421 (1989) (quoting Fed. R. Crim. P. 11(f) advisory committee's note to 1966 amendment); see also Tate, 220 N.J. at 406.

The plea court also established the other requirements of Rule 3:9-2. The court explained, and defendant acknowledged his understanding, that the plea would result in his disorderly persons conviction for contempt of a court order; a prohibition on his possession of any weapons; and its impact on defendant's immigration status. The prosecutor had already set forth the terms of the plea agreement, including the State's recommendation for the imposition of mandatory fines, penalties and a domestic violence weapons order. Defendant's counsel concurred with those terms. Defendant also acknowledged he was waiving his right to trial at which the State would have the burden to prove his guilt beyond a reasonable doubt. Defendant admitted no one forced or coerced him to enter the guilty plea, and that he was doing so freely, voluntarily and with full understanding of the plea's consequences. He denied being under the influence of "drugs, alcohol or anything else that would alter [his] ability to understand [what was] taking place" in court; despite having worked all night he told the court, "I understand what's going on."

7

The record belies defendant's merits-brief argument that he was "unaware that he [was] entering into a serious plea, to which he [was] pleading guilty and for which he [was] waiving and giving up his right to a trial" and that he was "incapacitated to a certain degree." We are satisfied the plea court complied with Rule 3:9-2.

As we noted, defendant's remaining claims, asserting an explanation or defense to the charge to which he pleaded guilty, were not presented to the Family Part in a motion to withdraw his plea, thus depriving the court of an opportunity to make "qualitative assessments about the nature of . . . defendant's reasons for moving to withdraw his plea and the strength of his case," and perhaps to make "credibility determinations about witness testimony." Tate, 220 N.J. at 404. We will not consider the issue which requires a full analysis under Slater and Rule 3:21-1. See State v. Robinson, 200 N.J. 1, 15 (2009). Because defendant has been sentenced, the Family Part would have to determine if withdrawal is required to correct a "manifest injustice." See R. 3:21-1. Such a determination requires the Family Part to weigh the preference for "the finality of judicial procedures" against the policy consideration that "no [person] be deprived of . . . liberty except upon conviction after the entry of a plea of guilty under circumstances showing that it was made truthfully, voluntarily and

understandingly." State v. McQuaid, 147 N.J. 464, 487 (1997); see also State v. Johnson, 182 N.J. 232, 237 (2005). Because those discretionary determinations under Slater and the Rule have not been addressed on a proper motion before the Family Part, we decline to address them on this record.

Defendant baldly claims his plea counsel was ineffective because she, like counsel in State v. Nuñez-Valdéz, 200 N.J. 129 (2009), provided erroneous advice. He asserts he "had the right to know that he had the ability to address the charge and also that he had a legitimate defense to the violation of [the] restraining order," seemingly relying on his contention that contact with the victim was inadvertent. He argues he "should be entitled, at the very least[,] to an evidentiary hearing to determine if his defense was shared or even suspected by his trial counsel."

As stated, defendant did not file a PCR petition. If a PCR petition was filed, defendant would still have to establish a prima facie case before he would be entitled to an evidentiary hearing. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462 (1992).

The record is barren of any affidavit, certification—including defendant's—or other evidence relating to the advice given by defendant's plea counsel. "Our courts have expressed a general policy against entertaining

ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." Preciose, 129 N.J. at 460. As such is the case here, we decline to consider the claim that should have been presented by way of a PCR petition filed in the Family Part.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION