**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4680-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALLEN L. BEAM,

    Defendant-Appellant.

_____

Submitted December 7, 2020 – Decided February 4, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-06-0601.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Allen L. Beam appeals the May 20, 2019 order denying the motion to withdraw his guilty plea. For reasons that follow, we reverse the order under review and remand for further proceedings.

I.

We relate the facts from a prior motion to suppress evidence. In 2017, a detective in the Passaic County prosecutor's office learned from a confidential informant (CI) that crack cocaine was being distributed from a specific clothing store on Passaic Street in Paterson by a person named "Allen" and another person called "Nugget." The police conducted surveillance of the business and utilized the CI to purchase narcotics from defendant on two separate occasions. Based on a search warrant, more than 400 suspected ecstasy pills, drug paraphernalia, a bag of marijuana and a .380 caliber LWC-cam pistol were seized from the store. A search of co-defendant Alex Irizarry's apartment yielded more suspected ecstasy pills, a .38 caliber Smith and Wesson revolver and ammunition.

Defendant and Irizarry were charged with multiple counts of narcotics and weapons offenses under Passaic County indictment number 17-06-0601 based on the evidence seized in the searches. After defendant's suppression motion was denied, he pleaded guilty to second-degree unlawful possession of a

handgun, N.J.S.A. 2C:39-5(b)(1) (count eighteen), and to second-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(9)(a) (count thirty-one).  The State agreed to recommend concurrent sentences of eight years in prison subject to parole ineligibility for four years.

At the plea hearing, defendant addressed both counts.

Q.  On [May 1, 2017] did you possess a firearm; namely a .380?

A.  Yes, sir.

Q.  On that same date, did you possess a controlled dangerous substance?

A.  Yes, sir.

Q.  And did you possess that substance in the quantity of one — more than one-half ounce but less than five ounces?

A.  Yes, sir.

Q.  And did you possess that controlled dangerous substance with the intent to give or sell it to others?

A.  Yes, sir.

Referring to the weapon found in the store, defendant answered the prosecutor's questions.

Q.  Where was that?  How did you possess it?

A. Well, it was in the store, sir — ma'am.

. . . .

Q. Okay. And the CDS that you were in possession of, what CDS was it?

A. Uh, uh—

[Defense Counsel] Was it crystal meth?

The Defendant: Crystal meth, I mean yes. Crystal meth, yes.

The judge asked,

Q. So, basically, you're admitting that the weapon that was in the store, you're admitting that that was yours, you possessed it, and you're admitting that you possessed this crystal methamphetamine; is that true?

A. Yes, sir.

Defendant answered the remaining questions about the plea form, his decision to plead based on his free will, with assistance from counsel, and that he was giving up certain rights voluntarily — all posed by the judge — with "yes, sir." When asked if he had questions, defendant advised the court he did not want to do something that would "interrupt . . . what I'm here for . . . ." He acknowledged committing the offenses, answering:

A. Yes, sir; yes, sir; yes, sir.

Q. Are you sure about that?

A-4680-18T3

A. I'm positive, Your Honor, I'm positive.

The court found defendant's plea was entered knowingly and voluntarily.

Prior to sentencing, defendant filed a motion to withdraw his plea. In his supporting certification, defendant alleged he "steadfastly maintained [his] innocence . . . ." He claimed that Irizarry was going to "accept responsibility" for the charges and "exonerate" him. He asserted he "only entered the plea of guilty out of fear of facing a life sentence in the event [he] was convicted on these charges." Irizarry also provided an affidavit stating he did not want defendant to "take the blame for something that I am responsible for." Irizarry claimed defendant was "an innocent man." Irizarry said he "had taken the original plea deal in order to exonerate [defendant] . . . ."

Defense counsel argued defendant had trusted Irizarry, but Irizarry was selling drugs and took advantage of defendant, who was trying to run a business. Defendant told the court he hired Irizarry to run the store because he had an operation, but Irizarry sold drugs there without him knowing it. He said he "[n]ever had that gun in my life." The State argued the transcripts, presentence report and plea did not indicate the plea was made other than knowingly, voluntarily and without any threats. By the time defendant's motion was heard, Irizarry had been released to a half-way house.

A-4680-18T3

The trial court denied the motion. In applying the factors in State v. Slater, 198 N.J. 145, 157-58 (2009), the trial court found defendant provided a "full factual basis" for the plea. "He admitted to possessing the firearm . . . and . . . crystal meth with the intent to sell it to others." The court reiterated the finding the plea was entered into freely and voluntarily. It was not persuaded by Irizarry's affidavit. When Irizarry pleaded guilty, he said none of the items in the store were his and a year later, he certified they were his. The court found defendant did not present a colorable claim of innocence. He testified his plea was voluntary and not coerced. The court found defendant did not present a "strong reason" to withdraw the plea. This was a bargained for plea and several serious charges were dismissed. The court found withdrawal of the plea would result in "unfair prejudice" to the State and unfair advantage to defendant because Irizarry already was sentenced and released.

At his allocution, defendant maintained his innocence. He denied selling drugs from his business. He was sentenced to an aggregate term of eight years with a four-year period of parole ineligibility.

On appeal, defendant raises the following argument for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS

6

GUILTY PLEA PRIOR TO SENTENCING BECAUSE WITHDRAWAL WAS IN THE "INTERESTS OF JUSTICE" IN ACCORDANCE WITH RULE 3:9-3(e).

We wrote to counsel for the parties on December 8, 2020, asking that they address the applicability of N.J.S.A. 2C:39-6(e), which specifically excepts the possession of a firearm in one's residence or place of business from the crime of unlawful possession of a firearm. In response, defendant argues he should be permitted to withdraw his guilty plea "based on an inadequate factual basis, a proper Slater analysis . . . or constitutional imperative . . . ." The State argues we should vacate the unlawful possession charge based on the cited statute, but remand for consideration of defendant's failure to obtain a permit, N.J.S.A. 2C:58-3(c), and opposes vacating the CDS guilty plea, which is "unaffected by this issue."

II.

We review the grant or denial of a motion to withdraw a guilty plea for abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015) (citing State v. Lipa, 219 N.J. 323, 332 (2014)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Williams, 458 N.J.

Super. 274, 280 (App. Div. 2019) (quoting <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

Before sentencing, the standard for plea withdrawal is in "the interests of justice." <u>R.</u> 3:9-3(e); <u>State v. Howard</u>, 110 N.J. 113, 123-24 (1988). "[C]ourts are to exercise their discretion liberally to allow plea withdrawals." <u>Slater</u>, 198 N.J. at 156.

The Court adopted a four-prong test in <u>Slater</u> to determine whether a defendant has met the burden to withdraw his or her guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." <u>Slater</u>, 198 N.J. at 157-58.

Under the first prong, "[a] bare assertion of innocence is insufficient to justify withdrawal of a plea." <u>Id.</u> at 158. A defendant "must present specific, credible facts and, where possible, point to facts in the record that buttress [his] claim." <u>Ibid.</u> A court "should simply consider whether a defendant's assertion of innocence is more than a blanket, bald statement and rests instead on particular, plausible facts." <u>Id.</u> at 159.

The second prong concerns the "the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." Id. at 159. "The nature and strength of a defendant's reasons for withdrawal of a plea will necessarily depend on the circumstances peculiar to the case." State v. Munroe, 210 N.J. 429, 442 (2012).

The third prong, involving the presence of a plea bargain, receives the least weight because of the prevalence of plea bargaining to resolve cases. Slater, 198 N.J. at 160-61. The fourth prong considers "whether the passage of time has hampered the State's ability to present important evidence." Id. at 161. "Thus, the trial court must consider the delay to the State in presenting its case to the jury because of the plea-withdrawal motion." Munroe, 210 N.J. at 443. Applying those principles, we are constrained to reverse defendant's pleas.

N.J.S.A. 2C:39-6(e) provides:

> [n]othing in subsections b. [handguns], c. [rifles and shotguns], and d. [other weapons] of N.J.S. 2C:39-5 shall be construed to prevent a person keeping or carrying about the person's place of business, residence, premises, or other land owned or possessed by the person, any firearm . . . . For the purposes of this section, a place of business shall be deemed to be a fixed location.

A-4680-18T3

The exemptions in this statute are to be read narrowly. State v. Rovito, 99 N.J. 581, 587 (1985). In Morillo v. Torres, 222 N.J. 104, 110 (2015), the defendant had a gun tucked in his waistband while parked in his driveway smoking marijuana. The gun was properly registered to the defendant. He was charged with the unlawful possession of a handgun under N.J.S.A. 2C:39-5(b)(1). After the criminal charges were dropped based on the exemption in N.J.S.A. 2C:39-6(e), the defendant sued for violation of his civil rights. Although the Supreme Court found an "element of ambiguity" in portions of the statute, it noted "[t]he pronouncements made by this Court clearly support that the exemption applies to possessing weapons inside one's dwelling or place of business." Id. at 121.

The factual basis here established that defendant was in possession of a firearm within his store. Without more, that satisfied the exemption in N.J.S.A. 2C:39-6(e). Slater provides that one of the bases for withdrawing a plea is where "the defendant has not only made a plausible showing of a valid defense against the charges, but also credibly demonstrated why that defense 'was forgotten or missed' at the time of the plea." Id. at 160. It was an abuse of discretion for the trial court not to withdraw this portion of the plea when defendant's factual basis did not admit to committing a crime.

A-4680-18T3

Defendant argues the trial court abused its discretion by denying his request to withdraw his guilty plea to second-degree possession of CDS with intent to distribute. He argues he is innocent of the charge.

The first prong under <u>Slater</u> requires the court to consider whether there is a colorable claim of innocence. Based on an affidavit from Irizarry, defendant alleges he was not the person who possessed the drugs, or the weapon found in the search of the store. He claims Irizarry was operating the store as he recovered from a health issue. Irizarry now admits responsibility for the offense. He took a different position when he pleaded guilty, and those statements might be used by the State for cross-examination. However, defendant presented specific facts that buttress his claim of innocence. The issue is whether defendant's claim of innocence is more than a "bald statement and rests instead on particular, plausible facts." <u>Slater</u>, 198 N.J at 159. Here, that standard was met.

The court considered that the State could be prejudiced should defendant's plea be withdrawn. However, the State makes no argument it is unable to prove its case based on the passage of time; it only asserts that Irizarry cannot be prosecuted anew. That does not preclude his cross-examination. Given this

colorable claim of innocence and the other error in the weapon possession plea, we conclude the interests of justice require reversal of the May 20, 2019 order.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4680-18T3