**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0186-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AKEEM J. TORREZ a/k/a
AKEEM TORREZ,

    Defendant-Appellant.

_____

Submitted December 1, 2020 – Decided February 10, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey Law Division, Hudson County, Indictment No. 13-12-2251.

Joseph E Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals the denial of his post-conviction relief (PCR) petition, in which he asserted an ineffective-assistance claim. Without an evidentiary hearing, the PCR judge rejected defendant's claims that his first lawyer was ineffective in not reviewing any discovery with him before entering a guilty plea and his second lawyer was ineffective in advising him to withdraw a motion to vacate the plea. We agree with the PCR judge's conclusions and affirm.

To obtain relief on ineffective-assistance-of-counsel grounds, a defendant must show that counsel's performance was deficient, and the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy those two prongs, a defendant "must prove an objectively deficient performance by defense counsel" and that the deficiency was so prejudicial "it is reasonably probable that the result would be altered." State v. Allegro, 193 N.J. 352, 366 (2008).

A defendant's right to effective assistance of counsel extends to the decision to enter a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To meet the Strickland prejudice prong in a claim based on a guilty plea, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also State v.

A-0186-19

<u>Aburoumi</u>, 464 N.J. Super. 326, 339 (App. Div. 2020). A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010); <u>see also</u> <u>Aburoumi</u>, 464 N.J. Super. at 339.

When a court decides not to conduct an evidentiary hearing in a PCR application, we review de novo the court's legal conclusions and "factual inferences drawn from the documentary record." <u>State v. Harris</u>, 181 N.J. 391, 420-21 (2004); <u>see also</u> <u>State v. Blake</u>, 444 N.J. Super. 285, 294 (App. Div. 2016). Whether to conduct an evidentiary hearing on a PCR petition is within the court's discretion. <u>See</u> <u>R.</u> 3:22-10; <u>see also</u> <u>State v. Jones</u>, 219 N.J. 298, 311 (2014). If, viewing the facts in a light most favorable to the defendant, a court concludes the "PCR claim has a reasonable probability of being meritorious, then the defendant should ordinarily receive an evidentiary hearing in order to prove his entitlement to relief." <u>Jones</u>, 219 N.J. at 311; <u>see also</u> <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992) (finding an evidentiary hearing should be held only if defendant presents "a prima facie claim in support of [PCR]"). To establish entitlement to an evidentiary hearing, a defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Allegations that are "too vague,

A-0186-19

conclusory, or speculative" do not merit an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997). "[B]ald assertions" are not enough. Cummings, 321 N.J. Super. at 170; see also Jones, 219 N.J. at 311-12.

In deciding a motion to withdraw a guilty plea, a court considers: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." State v. Slater, 198 N.J. 145, 150 (2009); see also State v. Lipa, 219 N.J. 323, 332 (2014).

After his arrest, defendant told detectives that he and others had discussed going to a neighborhood to "shoot it up" in connection with on-going disputes they were having with residents of that neighborhood. He admitted that during their drive they saw people in a basement apartment, walked up to a window of the apartment, and fired their handguns. Defendant stated that he had seen the other shooter fire into the basement-apartment window; defendant claimed the bullet from his gun hit a brick wall. He identified himself and the other shooter in photographs taken from a surveillance video. He also admitted to attempting to break into a car to obtain guns.

Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or -3(a)(2); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a); and third-degree attempted burglary, N.J.S.A. 2C:5-1 and 2C:18-2. If convicted of murder, defendant faced a mandatory thirty-year prison sentence.

After reaching a plea agreement with the State, defendant pleaded guilty to one count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a). The State dismissed the remaining charges and recommended a maximum sentence of twenty-five years imprisonment, with an eighty-five-percent period of parole ineligibility, N.J.S.A. 2C:43-7.2. At the plea hearing defendant testified he and another person fired guns into the apartment knowing the victim was there and that his death by their shots was probable. He also testified that a bullet from the other shooter's gun killed the victim.

Represented by a different lawyer, defendant moved to vacate the guilty plea, asserting that it was not knowing and voluntary because his first lawyer had not explained to him the strengths and weaknesses of the evidence or what defenses he had but instead told him he faced life in prison if he did not accept the plea deal. In support of that motion, defendant submitted a certification in

5

which he stated he had requested copies of all discovery but had not received it and had "constantly" told his attorney of "various defenses" that he believed applied to him, but his attorney "did not wish to pursue any defenses," "only would discuss taking a plea," and told him that if he "did not take a plea" he "could face life in prison."

Defendant subsequently withdrew the motion to vacate the plea and was sentenced to twenty-five years imprisonment, with an eighty-five-percent period of parole ineligibility, N.J.S.A. 2C:43-7.2, pursuant to the plea agreement. He appealed his sentence, which we affirmed. See State v. Torrez, No. A-004016-16 (App. Div. Feb. 8), certif. denied, 235 N.J. 99 (2018).

Defendant filed a PCR petition, asserting he was denied effective assistance of counsel when his first attorney failed to review discovery with him and his second attorney provided misleading advice that caused him to withdraw his motion to vacate the guilty plea. In support of the petition, defendant submitted his certification in which he stated that his first attorney "never review[ed] discovery" with him and his second attorney "convinced" him to withdraw the plea-withdrawal motion by telling him that he could "get me . . . [ten] or [twelve] years if I just proceed to sentencing."

6

Following oral argument on defendant's PCR petition, Judge Patrick J. Arre denied defendant's request for an evidentiary hearing and his petition. The judge found defendant's claim that his first attorney failed to provide him with discovery was nothing more than a bald assertion. As to the claim regarding his second attorney, the judge noted that defendant had not asserted but for counsel's error he would have insisted on going to trial; defendant stated only that his lawyer's statements caused him to withdraw the plea-withdrawal motion. See Aburoumi, 464 N.J. Super. at 339. The judge determined that to establish his second lawyer's ineffective assistance prejudiced his case, defendant would have to convince him that the motion judge would have granted the plea-withdrawal motion – something defendant could not do "in light of the criminal liability facing this defendant," noting defendant had confessed to the crime after his arrest. Accordingly, Judge Arre concluded defendant had failed to establish entitlement to an evidentiary hearing and failed to meet the two-pronged Strickland test. We agree.

The only support for defendant's claims is his bare-bones certification. He faults his first attorney for not providing discovery to him but does not explain how any withheld discovery would have altered the outcome. In his plea-withdrawal motion certification – not his PCR-petition certification – defendant

faults his first attorney for not considering the "various defenses" about which defendant "constantly" told him but fails to identify what those defenses were or how they would have altered the outcome, especially given his post-arrest confession. Defendant faults his second attorney for the decision to withdraw his plea-withdrawal motion but fails to articulate how that withdrawal would have altered the outcome, much less lead to a better one. Defendant's bald assertions fail to demonstrate counsels' assistance was ineffective or prejudicial.

Even if we were to assume – in the absence of a specific assertion by defendant – defendant would have rejected a plea deal and insisted on going to trial, he has not demonstrated that decision "would have been rational under the circumstances." Padilla, 559 U.S. at 372. There was no upside to rejecting the plea deal, considering the admissions defendant had made regarding the role he played in the intentional fatal shooting of the victim. Defendant makes no proffer as to how he would have achieved a better result by going to trial.

Under our de novo review, Blake, 444 N.J. Super. at 294, we decline to remand this case to the PCR court for an evidentiary hearing. Defendant failed to establish a prima facie case, and Judge Arre properly denied his request for an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8