# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2742-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL SPAULDING,

     Defendant-Appellant.

_____

Argued May 6, 2024 – Decided May 20, 2024

Before Judges Sabatino and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Accusation No. 04-08-0741.

Steven E. Braun, Designated Counsel, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Steven E. Braun, on the brief).

Matthew E. Hanley, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

PER CURIAM

Defendant Daniel Spaulding appeals from the March 14, 2023 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Christopher S. Romanyshyn's thorough and well-reasoned written opinion.

The State alleged that on March 26, 2004, defendant had sexual intercourse with the victim, K.S., without her consent. On August 31, 2004, defendant waived his right to indictment and pleaded guilty to an accusation charging him with second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). At the time of the offense that code section provided a person "is guilty of sexual assault if he commits an act of sexual penetration with another person . . . [and] [t]he actor uses physical force or coercion, but the victim does not sustain severe personal injury." The offense was subject to the provisions of Megan's Law, N.J.S.A. 2C:7-1 to -23, and parole supervision for life ("PSL"), N.J.S.A. 2C:43-6.4.[1] The offense was also subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2(d)(8).

In exchange for his plea, the State agreed to recommend defendant be sentenced in the third-degree range to four years imprisonment, and that the

_____

[1] N.J.S.A. 2C:43-6.4 was amended effective January 14, 2004, to change community supervision for life ("CSL") to PSL. Because the offense occurred after the effective date, the court was required to sentence defendant to PSL.

sentence not be subject to NERA. At the time of the plea, defendant was incorrectly advised he would be sentenced to CSL. Defendant reviewed and signed the plea forms applicable to sexual offenses, including the forms applicable to Megan's Law registration and CSL.

At the plea hearing, defendant testified as follows:

> [STATE]: [Y]ou penetrated [K.S.] with your penis, correct?
>
> [DEFENDANT]: Yes.
>
> [STATE]: And you used force to do that, correct?
>
> [DEFENDANT]: Yes.
>
> [STATE]: And she told you not to do that, correct?
>
> [DEFENDANT]: Yes.

Defendant also testified he read and understood all the questions on the plea forms and defense counsel "went over each question with [him] one at a time." He testified he had enough time to discuss the case with defense counsel before entering the plea, he was satisfied with defense counsel's services, and he was not "pressured [or] pushed" to plead guilty.

On January 27, 2005, defendant was sentenced in accordance with the plea agreement. On March 16, 2005, the court amended the judgment of conviction to change CSL to PSL because the prior sentence imposing CSL was an illegal

3

sentence. Defendant was aware of his sentence to PSL no later than November 15, 2006, when he was released from prison. Defendant did not appeal his conviction or sentence.

On January 6, 2022, defendant filed a pro se petition for PCR. After PCR counsel was appointed, defendant filed a supplemental petition and brief arguing defense counsel was ineffective and he should be permitted to withdraw his plea. Specifically, defendant contended his former defense counsel failed to review the State's proofs with him, did not provide him with a copy of the discovery or review the discovery with him, failed to meet with him sufficiently to discuss his case, failed to advise him that a motion to dismiss for failure to indict was pending, and failed to review and explain the plea forms to him.

Defendant specifically argued defense counsel failed to interview K.S. who would have testified he did not use force when he sexually penetrated her without her consent. In support of that claim, defendant produced a statement, verified by K.S. on December 13, 2022, in which she stated, on the date of the incident defendant did not "pin her down" or "use force of any kind" when they were having sex, but "she did say stop" and defendant "did not stop . . . [he] kept going and eventually penetrated her."

The court heard oral argument on the petition for PCR. On March 14, 2023, the court entered an order denying defendant's petition for PCR supported by a written opinion. The court determined the petition was time-barred because it was filed nearly seventeen years after entry of the amended judgment of conviction and defendant failed to establish excusable neglect or exceptional circumstances that would warrant relaxing the time limitations for filing a petition for PCR.

The court also determined defendant's petition failed on the merits. The court noted defendant did not allege any facts to support his claims of ineffective assistance. The court rejected the claim that defense counsel failed to interview the victim because neither the victim nor defendant deny "that [defendant] engaged in penile penetration of the victim against her will" which was "the gravamen of the crime."

The court also found defendant failed to demonstrate he would have rejected the plea and insisted on going to trial. Specifically, the court found defendant did not identify any differences between CSL and PSL that would have caused him to reject "such a favorable plea deal." The court also found defendant's contention that he was unaware of the pending motion to dismiss for failure to indict was not persuasive because he waived his right to indictment

5

and, even if granted, the motion would not have precluded the State from indicting him later. The court also found the sentencing judge was required to correct the initial sentence imposing CSL because it was an illegal sentence.

The court denied defendant's motion to withdraw his plea finding all the Slater[2] factors weighed against defendant. The court found defendant failed to set forth a colorable claim of innocence, failed to set forth a persuasive reason for withdrawal, and entered into a plea agreement. The court also found withdrawal of the plea so many years after the offense would result in unfair prejudice to the State.

Defendant raises the following issues on appeal:

> POINT I-RELAXATION OF R. 3:22-12(a)(l) IS JUSTIFIED NOTWITHSTANDING THE PROVISION OF R. 3:22-12(b), BECAUSE OF DEFENDANT'S EXCUSABLE NEGLECT AND BECAUSE THERE IS A REASONABLE PROBABILITY THAT ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.
>
> POINT II-TRIAL DEFENSE COUNSEL WAS INEFFECTIVE AND DEPRIVED DEFENDANT OF HIS SIXTH AMENDMENT RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE NEW JERSEY CONSTITUTION.

---

[2] State v. Slater, 198 N.J. 145 (2009).

A-2742-22

POINT III-DEFENDANT WAS PREJUDICED BY THE TRIAL COURT'S AMENDING OF HIS SENTENCE FROM COMMUNITY SUPERVISION FOR LIFE TO PAROLE SUPERVISION FOR LIFE AND HIS GUILTY PLEA SHOULD HAVE BEEN VACATED.

POINT IV-DEFENDANT SHOULD HAVE BEEN ALLOWED TO WITHDRAW HIS GUILTY PLEA BECAUSE IT WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY PROVIDED.

We review the denial of PCR without an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 421 (2004).[3] A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of

---

[3] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

counsel." State v. Worlock, 117 N.J. 596, 625 (1990). An evidentiary hearing is warranted only when "'a defendant has presented a prima facie [claim] in support of [PCR],'" meaning a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158-59 (1997) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)).

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must show that, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Rule 3:22-12(a)(1)(A) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would

result in a fundamental injustice[.]"  The burden rests with defendant to establish excusable neglect.  State v. Milne, 178 N.J. 486, 492 (2004).

Absent an applicable exception to the five-year time limitation, a defendant is required to show "'compelling, extenuating circumstances' or, alternatively, 'exceptional circumstances,' to relax the time limitation for a PCR petition."  State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting Milne, 178 N.J. at 492).  When evaluating a claim of exceptional circumstances the PCR court should consider:  (1) "the extent and cause of the delay"; (2) "the prejudice to the State"; and (3) "the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  State v. Afanador, 151 N.J. 41, 52 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

The decision to allow the withdrawal of a guilty plea lies within the trial court's discretion, Slater, 198 N.J. at 156, and we review for abuse of discretion.  State v. Simon, 161 N.J. 416, 444 (1999).  Our courts apply different standards to a motion for withdrawal of a guilty plea made before and after sentence.  State v. McDonald, 211 N.J. 4, 16 (2012).  Motions filed at or before the time of sentencing are granted in the "interests of justice," Rule 3:9-3(e), while post-sentencing motions must meet a higher standard of "manifest injustice," Rule

3:21-1. State v. Lipa, 219 N.J. 323, 332 (2014). In determining whether to grant a motion to withdraw a guilty plea, the court must consider: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature of the strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58.

We are satisfied Judge Romanyshyn correctly denied defendant's petition for PCR because it lacks merit and is time-barred. We add the following comments.

Defendant's contention that he had a viable defense to the sexual assault charge because he allegedly did not use force when he sexually penetrated K.S. without her consent is incorrect. In State in Interest of M.T.S., 129 N.J. 422, 444 (1992), our Supreme Court held:

> any act of sexual penetration engaged in by the defendant without the affirmative and freely-given permission of the victim to the specific act of penetration constitutes the offense of sexual assault. Therefore, physical force in excess of that inherent in the act of sexual penetration is not required for such penetration to be unlawful. The definition of "physical force" is satisfied under N.J.S.A. 2C:14-2[(]c[)](1) if the defendant applies any amount of force against another person in the absence of what a reasonable person would believe to be affirmative and freely-given permission to the act of sexual penetration.

K.S. has consistently maintained, and defendant has never denied, that defendant penetrated her without her consent. As set forth in M.T.S., an act of sexual penetration without consent satisfied the definition of "physical force" required by N.J.S.A. 2C:14-2(c)(1) at the time of the offense and constituted the offense of sexual assault. Defendant's contention that defense counsel was ineffective because he failed to interview K.S. and determine he had a viable defense to the sexual assault charge lacks merit.

Defendant's remaining claims are based on nothing more than bald assertions of ineffective assistance. He does not identify anything he did not receive in discovery, nor does he identify anything defense counsel failed to tell him that would have affected his decision to plead guilty. Likewise, defendant does not identify any material difference between CSL and PSL that would have led him to reject the State's plea offer if he knew he would be sentenced to PSL. Defendant failed to demonstrate it "would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." Maldon, 422 N.J. Super. at 486.

We are satisfied defendant did not establish a prima facie case of ineffective assistance of counsel. The court also correctly determined defendant's petition was precluded because he failed to establish that his failure

11

to file a timely petition was due to his excusable neglect or that enforcement of the time-bar would result in a fundamental injustice under the facts of this case. The trial court did not abuse its discretion by denying defendant's request for an evidentiary hearing and correctly denied his petition for PCR.

We are also convinced the court did not abuse its discretion by denying defendant's motion to withdraw his plea. The court correctly found the first <u>Slater</u> factor weighed heavily against defendant because he failed to set forth a colorable claim of innocence. The court also correctly determined all the remaining <u>Slater</u> factors weighed against defendant because he failed to set forth a meritorious reason to permit withdrawal, he entered into a plea bargain, and the State would be unfairly prejudiced if it was compelled to take this case to trial more than twenty years after the offense was committed. There is no basis to disturb the court's determination that defendant failed to demonstrate denial of his motion would result in a manifest injustice.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12