**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0730-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ISAAC M. TONEY,

    Defendant-Appellant.

_____

Submitted January 21, 2026 – Decided February 4, 2026

Before Judges Firko and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 18-08-0146.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Jennifer Davenport, Acting Attorney General, attorney for respondent (Daniel I. Bornstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Isaac M. Toney appeals from an October 25, 2024 order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. Because defendant failed to establish a prima facie showing of ineffective assistance of trial counsel and insufficient factual basis for his guilty plea, we affirm.

I.

On August 27, 2018, a criminal State grand jury returned indictment number 18-08-0146-S charging defendant, a training technician employed at the Mercer County Board of Social Services, with second-degree official misconduct, N.J.S.A. 2C:30-2 (count one); second-degree luring a child, N.J.S.A. 2C:13-6(a) (count two); and third-degree attempted endangering the welfare of a child, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:24-4(a)(1) (count three).

On September 28, 2018, defendant filed a motion to dismiss all counts of the indictment. On March 22, 2019, the trial court granted the motion to dismiss count one of the indictment but denied dismissal as to counts two and three. On October 24, 2019, defendant filed a motion to suppress physical evidence— contents of a text exchange from his cell phone—between himself and an

undercover police officer posing as a child—alleging such evidence was seized without a warrant.

Defendant ultimately entered into a negotiated plea agreement with the State. On November 19, 2019, defendant pled guilty in accordance with the plea agreement, which amended count three, charging him with fourth-degree attempted lewdness, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:14-4(b)(1). Pursuant to the plea agreement, the remaining counts were dismissed. The State recommended a sentence of non-custodial probation without a requirement that defendant register under Megan's Law, N.J.S.A. 2C:7-1 to -23, and no contact with the "victim."

The court addressed defendant to confirm he was knowingly and voluntarily waiving his rights, had an opportunity to review all discovery with his trial counsel, and to establish a factual basis for the guilty plea. The court asked defendant about his age, and he responded he was "forty-three." In response to the court's questions, defendant testified he has an associate's degree and had no "difficulty reading, writing, or understanding the English language." The court asked defendant if he was under the influence of any legal or illegal substance that might interfere with his ability to make the decision to accept the plea agreement, and he responded in the negative. Defendant confirmed the plea

A-0730-24

agreement was complete and nothing was omitted. The court questioned defendant as to whether he was satisfied with his trial counsel's representation, and he responded, "Yes, Your Honor." Additionally, the court showed defendant the five-page plea form and confirmed his answers circled on the form were "true." Furthermore, the court confirmed with defendant he understood the questions on the plea form and that he had the opportunity to review each question with his trial counsel. The following exchange then occurred during the plea colloquy:

> TRIAL COUNSEL: [Defendant], I want to direct your attention to July 17, 2017. Were you in the Township of Hamilton on that day?
>
> DEFENDANT: Yes.
>
> TRIAL COUNSEL: Did there come a point in time where you arranged, via text message, to meet an individual in a public park?
>
> DEFENDANT: Yes.
>
> TRIAL COUNSEL: And that individual you believed, based upon the exchange, to be under the age of [thirteen]. Is that correct?
>
> DEFENDANT: Yes.
>
> TRIAL COUNSEL: And you were four years older at the time? How old were you . . . in 2017? Four years ago?

4

DEFENDANT:  It was two years.

TRIAL COUNSEL:  Two years ago.  So—

DEFENDANT:  I was actually; I was [forty]. . . .

TRIAL COUNSEL:  Forty then?  Okay.

DEFENDANT:  Forty.

TRIAL COUNSEL:  So you clearly were four years older than [thirteen].  Right?

DEFENDANT:  Yes.

TRIAL COUNSEL:  Okay.  And the purpose was to attempt to expose your privates—your private parts to that individual—

DEFENDANT:  Yes.

TRIAL COUNSEL:  [F]or the purpose of sexual gratification?

DEFENDANT:  Yes.

TRIAL COUNSEL:  That's all I have.

Following defendant's plea allocution, the court found he was competent, had sufficient time to discuss the plea agreement with his trial counsel, he understood the terms of the plea agreement, and the rights he was waiving.  The court determined defendant had not been threatened or promised anything in exchange for his guilty plea.  Defendant was sentenced that day in accordance

5

with the plea agreement. The plea court imposed the requisite monetary fines and penalties. The remaining counts of the indictment were dismissed.

On December 5, 2019, defendant's trial counsel withdrew the motion to suppress because the matter was resolved by virtue of the plea agreement. On December 12, 2019, an amended judgment of conviction was entered to correct the charge from lewdness to attempted lewdness. Defendant did not file a direct appeal.

On August 19, 2021, defendant filed a PCR petition as a self-represented litigant. In his unsworn submissions, defendant claimed his trial counsel was ineffective, which violated his constitutional rights. On September 17, 2022, defendant filed a supplemental to his PCR petition and asserted his trial counsel was ineffective for not addressing the violation of his Miranda[1] and Fourth Amendment rights as it pertained to the alleged illegal search and seizure of his cell phone at the time of his arrest. Defendant claimed he would have moved forward with his motion to suppress, as he believed the motion would have been granted and resulted in dismissal of the charges. For the first time, defendant asserted that his trial counsel had not reviewed discovery with him or answered his questions regarding motion practice.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0730-24

The PCR court assigned defendant PCR counsel. On April 21, 2024, his PCR counsel filed an amended verified PCR petition, a supplemental certification, memorandum of law, appendix, and requested an evidentiary hearing. On August 8, 2024, roughly four years and nine months after entering his guilty plea, defendant's PCR counsel filed a motion to withdraw his guilty plea pursuant to Rule 3:21-1. Defendant argued the factual basis for the plea was insufficient because he was improperly questioned as to whether he acted with a purpose to expose his "private parts" and not his "intimate parts" to the child victim.

On September 18, 2024, the PCR court heard argument and reserved decision on both matters. On October 25, 2024, in an oral opinion and without conducting an evidentiary hearing, the PCR court denied defendant's PCR petition and his motion to withdraw his guilty plea.

The PCR court first addressed defendant's motion to withdraw his guilty plea. The PCR court found defendant had not alleged specific facts supporting his assertion that trial counsel had been deficient due to her alleged failure to elicit the essential elements of fourth-degree attempted lewdness. The PCR court went on to reason that N.J.S.A. 2C:14-1(e) defines "intimate parts" as,

A-0730-24

"sexual organs, genital area, anal area, inner thigh, groin, buttock, [and] breast of a person."

Notably, our Supreme Court in T.M. held the phrase "private area" was sufficient to describe the element of having contact with "intimate parts" under the same statute. See State ex rel. T.M., 166 N.J. 319, 323, 334-35 (2001). The PCR court distinguished the factual basis in T.M. to the present matter under review, explaining how in that case, the factual basis was inadequate solely because the defendant did not admit he had the requisite criminal purpose, which is in contrast to here. See Id. at 332-35. The PCR court also cited to State v. Tate, 220 N.J. 393, 406-07 (2015), where our Supreme Court relied on T.M. to support its reasoning for the same proposition, that the defendant acknowledged he had touched the "private areas" of a child but the proper factual basis pertaining to his criminal purpose was lacking. Therefore, the PCR court ultimately found that "private parts" and "intimate parts" are synonymous, and the factual basis for defendant's guilty plea satisfied every element of the crime of fourth-degree lewdness.

The PCR court determined there was no need to conduct an analysis under State v. Slater, 198 N.J. 145 (2009) because defendant was seeking to withdraw his guilty plea based on a deficient factual basis. Notwithstanding, the PCR

A-0730-24

court reasoned the outcome would be the same even if the <u>Slater</u> factors were applied. Based on the totality of defendant's admissions during his plea colloquy, the PCR court concluded he provided a sufficient factual basis for his plea to fourth-degree attempted lewdness and that no "manifest injustice" would result if he was not permitted to withdraw his guilty plea.

The PCR court determined defendant's trial counsel "demonstrated constitutionally effective advocacy skills" on his behalf and negotiated "an extremely favorable resolution" that "completely shielded" defendant from "between five and ten years['] incarceration and parole supervision for life." The PCR court held defendant failed to establish a prima facie claim of ineffective assistance of counsel to justify an evidentiary hearing. This appeal followed.

Defendant raises the following contentions for our consideration:

POINT ONE

THE PCR [COURT] ERRED IN ITS DETERMINATION THAT . . . DEFENDANT DID NOT MAKE A PRIMA FACIE SHOWING FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND AN EVIDENTIARY HEARING WAS NOT WARRANTED. (Raised below.)

POINT TWO

THE PCR [COURT] ERRED IN ITS DETERMINATION THAT THERE WAS A VALID

A-0730-24

FACTUAL BASIS FOR THE ATTEMPT AND LEWDNESS PLEA. (Raised below.)

## II.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable

10

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R. 3:22-10(b)).

In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Rule 3:9-2 prohibits the plea court from accepting a plea:

without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

"Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court."  State v. Lipa, 219 N.J. 323, 332 (2014).

Under Rule 3:21-1, "[a] motion to withdraw a plea of guilty . . . shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice."  Thus, a defendant may withdraw a plea post-sentencing only to "correct a manifest injustice," whereas prior to sentencing, the plea may be withdrawn in "the interests of justice."  Lipa, 219 N.J. at 332; see also R. 3:9-3(e), R. 3:21-1.

When the reason for the motion to withdraw is a lack of an adequate factual basis, our review is de novo, because we are "in the same position as the trial court in assessing whether the factual admissions during [the] plea colloquy satisfy the essential elements of [the] offense[,]" which does not involve "making a determination based on witness credibility or the feel of the case,

12

circumstances that typically call for deference to the trial court." Tate, 220 N.J. at 403-04.

Where, however, an adequate factual basis supports the plea, "but the defendant later asserts his [or her] innocence," a motion to withdraw, whether made before or after sentencing, is judged by the four-prong test set forth in Slater, 198 N.J. at 157-58. Tate, 220 N.J. at 404. The test requires a court to balance: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused." Ibid. (alteration in original). We review appeals of such motions for abuse of discretion, because in deciding those motions, "the trial court is making qualitative assessments about the nature of a defendant's reasons for moving to withdraw his [or her] plea and the strength of his [or her] case and because the court is sometimes making credibility determinations about witness testimony." Tate, 220 N.J. at 404.

III.

Here, defendant failed to establish a prima facie case of ineffective assistance of trial counsel. Defendant's arguments were bare assertions based

on speculation with no factual support. He contended trial counsel was ineffective for: (1) failing to elicit the essential elements of the crime to which he was pleading guilty; and (2) failing to review the discovery, investigate, and communicate with defendant regarding the State's proofs or the defense's trial strategy, prior to advising him to accept the plea offer. In support of his petition, defendant provided a ten-page outline explaining the details of trial counsel's representation through emails. Defendant alleged trial counsel did not respond to every email he sent to her, and she did not discuss the contents of the motion to suppress with him prior to its filing.

The record is barren of any affidavit, certification—including defendant's—or other evidence relating to the advice and representation provided by his trial counsel. Given defendant's sworn testimony at his plea allocation that he had the opportunity to review all discovery with his trial counsel, she answered all his questions, he did not need to discuss anything with her privately before pleading guilty, and he was satisfied with her representation, defendant failed to establish trial counsel's representation fell below an objective standard of reasonableness under prong one of Strickland. 466 U.S. at 688. We note defendant testified at his plea colloquy that he fully understood all the rights he would be waiving by pleading guilty but nonetheless

14

wished to plead guilty.  Moreover, defendant testified the answers he provided and circled on the plea form were truthful.

Defendant also testified at the plea allocution that he had enough time to consider the plea offer, converse with trial counsel in that regard, and he had no questions.  These findings were made on the record and clearly established defendant's "vague, conclusory, or speculative" allegations do not warrant relief. Marshall, 148 N.J. at 158.

We also conclude defendant failed to establish prejudice under the second Strickland prong. 466 U.S. at 694.  Defendant did not demonstrate a reasonable probability that, but for trial counsel allegedly not eliciting the essential elements of lewdness or failing to review discovery, investigate, and communicate with him regarding strategy and the motions pertaining to Miranda and to suppress evidence were material or would have changed the outcome. Marshall, 148 N.J. at 156-58; see also R. 3:27-10(b).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence."  State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).  Defendant also failed to demonstrate how prevailing on the motions would have led to a more favorable outcome than was

15

achieved by virtue of the plea agreement. Defendant's emails belie his arguments because they reveal trial counsel sent him discovery and informed him that the pending motions would not be adjudicated if he pled guilty in accordance with the plea agreement. Indeed, defendant commented on the discovery in his emails and never claimed he did not receive it. Accordingly, based upon our de novo review, we affirm denial of all claims of ineffective assistance of counsel in defendant's PCR petition. We also conclude the PCR court did not abuse its discretion in denying defendant an evidentiary hearing.

IV.

We next address defendant's argument the PCR court erred in its determination that there was a valid factual basis for the attempt and lewdness plea. N.J.S.A. 2C:5-1(a)(1) provides:

> A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he [or she]:
>
> (1) Purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be[.]

Under N.J.S.A. 2C:14-4(b)(1), a person commits a fourth-degree crime of lewdness if:

> (1) He [or she] exposes his [or her] intimate parts for the purpose of arousing or gratifying the sexual desire

16

of the actor or of any other person under circumstances where the actor knows or reasonably expects he [or she] is likely to be observed by a child who is less than [thirteen] years of age where the actor is at least four years older than the child.

In State v. Hackett, our Supreme Court held that "[i]n order to constitute fourth-degree lewdness, then, the nudity of the actor must be occasioned by the sexual desire of the actor to be observed by a minor who is less than thirteen. The mens rea of the actor constitutes an important element of the offense of fourth-degree lewdness." 166 N.J. 66, 76 (2001) (citation omitted). Defendant maintains the attempt charge fails whether his conduct is analyzed under the theory of impossibility or substantial step. According to defendant, his plea colloquy did not establish that he attempted or displayed his "intimate parts" to the purported child victim.

Defendant argues N.J.S.A. 2C:14-1(e) defines "intimate parts" as stated previously, but does not define "private parts," nor does it "equate the two phrases." Defendant claims he did not admit that he attempted to expose his "private parts" to an individual under the age of thirteen, and therefore, a necessary element of lewdness had not been met. Under the substantial step theory, defendant contends his guilty plea also fails because all he admitted to was "texting" someone.

17

Based upon our review of the record, we have no doubt defendant meant his genitals when he testified to his "private parts." Defendant's claim that his agreement to meet an individual he believed was under thirteen years of age and then proceeding to the park for the meeting was not a "substantial step" is contradicted by his own testimony when he pled guilty. This argument is also irrelevant because he pled guilty to attempted lewdness and admitted his intent to commit that crime at his plea allocution. We are satisfied the PCR court properly determined there was a valid factual basis for the attempted lewdness plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0730-24